STATE OF NORTH CAROLINA v. GROVER CLEVELAND NORMAN

No. 7025SC173

(Filed 27 May 1970)

1. **Constitutional Law § 30— speedy trial — delay between arrest and trial**

   A defendant who was arrested in February 1969 and tried in September 1969 was not denied his constitutional right to a speedy trial, although several terms of court elapsed from the date of arrest to the date of trial, where the delay partly resulted from the length of the docket and the quashal of a count in the indictment returned against him, and where there was no showing that the delay was due to neglect or wilfulness on the part of the prosecution.

2. **Constitutional Law § 30— right to speedy trial**

   The fundamental law of this State secures to every defendant the right to a speedy trial.

3. **Constitutional Law § 30— speedy trial — good faith delays**

   The guarantee of a speedy trial does not impose limitations upon delays which occur in good faith and which are necessary in order that the State may prepare its case.

4. **Criminal Law § 166— the brief — abandonment of assignments**

   Assignments of error not supported by reason or authority in defendant's brief will be deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

5. **Criminal Law § 98— defendant in handcuffs — accidental viewing by jurors**

   The accidental viewing of the defendant in handcuffs by three jurors who had momentarily returned to the courtroom following the adjournment of court for the day, *held* not prejudicial to the defendant.

APPEAL from *Thornburg, S.J.,* 15 September 1969 Criminal Session, CATAWBA Superior Court.

The defendant, Grover Cleveland Norman, was charged in a valid bill of indictment with conspiring to utter and publish as true

certain forged and counterfeit checks on Broyhill Industries. The defendant was arrested on 23 February 1969 under a warrant charging him with conspiring with others to make, forge and counterfeit certain checks drawn on Broyhill Industries. He was arraigned and counsel was appointed for him on 25 February 1969.

At the trial of the case the defendant did not put on any evidence. At the close of all the evidence the defendant moved for a judgment as of nonsuit, which motion was denied. Upon verdict of guilty and pronouncement of sentence of ten years, the defendant appealed to the Court of Appeals.

*Robert Morgan, Attorney General, and Christine Y. Denson, Staff Attorney, for the State.*

*Butner and Gaither, by James M. Gaither, Jr., for the defendant appellant.*

HEDRICK, J.

[1]    The defendant's first assignment of error is that the court erred in finding that he was not denied the right to a speedy trial. The record on appeal shows the following sequence of events: The defendant was arrested on 23 February 1969 under a warrant charging him with conspiring to make, forge and counterfeit checks drawn on Broyhill Industries. A bill of indictment was returned by the Grand Jury at the regularly scheduled March term of superior court. The defendant was not brought to trial at this term of court, and, on 19 June 1969, he filed a motion alleging that his right to a speedy trial had been denied. The motion was heard by Judge Bailey and was denied upon the ground that the State's delay was for good cause shown. The defendant's case was then docketed for the next regularly scheduled term of superior court. However, due to the length of the docket and the taking of the pleas of the co-conspirators in this case, the defendant's case was not heard. The case was then docketed for the next regular session of superior court. When the case was called, and before any pleas were entered, the bill of indictment was quashed as to the count which alleged conspiracy to forge and conspiracy to utter. Thereafter the Grand Jury returned a true bill of indictment which charged the defendant with unlawfully conspiring with others to utter and publish certain false, forged and counterfeited checks. Following the return of this bill of indictment, the defendant was tried and found guilty by the jury.

[2]    "The fundamental law of this State secures to every defendant the right to a speedy trial. *State v. Lowry*, 263 N.C. 536, 139 S.E. 2d

870; *State v. Patton,* 260 N.C. 359, 132 S.E. 2d 891; *State v. Webb,* 155 N.C. 426, 70 S.E. 1064." *State v. Hollars,* 266 N.C. 45, 145 S.E. 2d 309 (1965). "*Speedy* is a word of indefinite meaning, *State v. Webb, supra* at 429. Neither the constitution nor the legislature has attempted to fix the exact time within which a trial must be had." *State v. Hollars, supra.*

In *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274 (1969), Sharp, J., speaking for the Court, listed principles established by cases in this jurisdiction with respect to the right of a defendant to a speedy trial:

"1. The fundamental law of the State secures to every person *formally accused* of crime the right to a speedy and impartial trial, as does the Sixth Amendment to the Federal Constitution (made applicable to the State by the Fourteenth Amendment, *Klopfer v. North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967).

"2. A convict, confined in the penitentiary for an unrelated crime, is not excepted from the constitutional guarantee of a speedy trial of any other charges pending against him.

"3. Undue delay cannot be categorically defined in terms of days, months, or even years; the circumstances of each particular case determine whether a speedy trial has been afforded. Four interrelated factors bear upon the question: the length of the delay, the cause of the delay, waiver by the defendant, and prejudice to the defendant.

"4. The guarantee of a speedy trial is designed to protect a defendant from the dangers inherent in a prosecution which has been negligently or arbitrarily delayed by the State; prolonged imprisonment, anxiety and public distrust engendered by untried accusations of crime, lost evidence and witnesses, and impaired memories.

"5. The burden is on an accused who asserts the denial of his right to a speedy trial to show that the delay was due to the neglect or willfulness of the prosecution. A defendant who has himself caused the delay, or acquiesced in it, will not be allowed to convert the guarantee, designed for his protection, into a vehicle in which to escape justice. (Citations omitted)."

**[1, 3]** The guarantee of a speedy trial does not impose limitations upon delays which occur in good faith and which are necessary in order that the State may prepare its case. *State v. Johnson, supra.* "Neither a defendant nor the State can be protected from prejudice

which is an incident of ordinary or reasonably necessary delay. The proscription is against purposeful or oppressive delays and those which the prosecution could have avoided by reasonable effort. *Pollard v. United States*, 352 U.S. 354, 1 L. Ed. 2d 393, 77 S. Ct. 481 (1957)." *State v. Johnson, supra.* We have examined the record in the present case and have not found a denial of the defendant's right to a speedy trial. The defendant has not shown that the delay was due to neglect or willfulness on the part of the prosecution. The defendant has failed to carry his burden on this question.

[4]  The defendant's second and third assignments of error related to the refusal of the court below to grant his motion for a continuance and his motion for judgment as of nonsuit. The defendant, in his brief, set out his assignments of error and the exceptions upon which they were based; however, he failed to offer any reason or argument for these assignments of error and he has not cited any authority in support thereof. Therefore, these assignments of error are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

[5]  The appellant's last assignment of error is that the court erred in refusing to grant the defendant's motion for mistrial after he was seen by some of the jurors being handcuffed and led from the courtroom. The facts regarding this incident are as follows: The presentation of the State's evidence was completed as the court day drew to a close. The defendant stated that he would present no evidence and made a motion for judgment as of nonsuit. Court was adjourned until the following morning when final arguments would be held. The jury had been sent to the jury room prior to adjournment so various motions could be made. A deputy sheriff was sent to advise the jury that court had adjourned and that they were to return the following morning. While he did this, other deputies began to handcuff the defendant in order to return him to jail. As he was being led from the courtroom, three jurors came back into the courtroom for articles of clothing they left in the jury box prior to being sent to the jury room. The defendant contends that this was prejudicial and that he should have been granted a mistrial.

> "The trial court has discretionary power to order defendant into custody during the progress of the trial, and its action in so doing in the absence of the jury, without anything to indicate in the presence of the jury that defendant was in custody, or its action in so doing in the presence of the jury when it was apparent that the jury understood the reason for the court's action and it could not be regarded by them as a reflection on

the credibility of defendant as a witness, will not be held prejudicial." 2 Strong, N.C. Index 2d, Criminal Law, sec. 98. See also *State v. Mangum*, 245 N.C. 323, 96 S.E. 2d 39 (1957).

The defendant has failed to show in what manner he was prejudiced when the jurors accidentally saw him being led away in handcuffs. The record does not disclose any intimation that the jury was in any way prejudiced by this act. This viewing could not have had any prejudicial effect on the defendant's credibility as a witness since he did not testify in his own behalf and had, only moments before, announced in open court that he would offer no evidence and that he would not take the witness stand in his own behalf. Any accidental viewing of the defendant in handcuffs by members of the jury in the present case was not prejudicial to the defendant.

We have carefully examined the record on appeal in this case and have found no error.

No error.

MORRIS and PARKER, JJ., concur.