STATE OF NORTH CAROLINA v. WILLIAM ALBERT WOOD, ALIAS WILLIAM ALBERT GUINN

No. 7027SC532

(Filed 18 November 1970)

Criminal Law §§ 99, 170— remarks by trial court — expression of opinion — prejudicial effect

Colloquy between the trial court and defense counsel in which the court stated, as the jury was leaving the courtroom, that the defendant ought to be kept in jail overnight, and in which the court also stated, in the absence of the jury, that the defendant "has got more reason to run now than he ever had," *held* not prejudicial. G.S. 1-180.

APPEAL by defendant from *Falls, J.,* 4 May 1970 Criminal Session of CLEVELAND County Superior Court.

Defendant was tried and convicted of second degree murder and appealed from judgment of imprisonment imposed upon the verdict.

*Robert Morgan, Attorney General, by Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*Fred A. Flowers for defendant appellant.*

GRAHAM, Judge.

Defendant's sole assignment of error is based upon exception to remarks made by the trial judge after defendant had concluded his evidence and the jury had been excused until 9:30 the following morning. The record reflects that the following transpired:

> "THE COURT: We will take a recess until 9:30 in the morning. Members of the jury, don't let anybody talk to you about this case. Keep an open mind until the case is in your hands and you retire to the jury room and you can discuss it then in full. Take a recess, Sheriff, until 9:30 in the morning. (as members of the jury are leaving the courtroom.)
>
> THE COURT: Is this defendant on bond? I guess he ought to be kept in jail overnight.
>
> MR. FLOWERS: He has been around here all week, your Honor. He's been here every term. Well, I will wait until after the jury goes out.
>
> THE COURT: (To jurors) You can go.
>
> (After jurors leave courtroom) He has got more reason to run now than he ever had."

Defendant contends that in the above colloquy, and in particular by the statement, "He has got more reason to run now than he ever had," the trial judge expressed an opinion upon the weight of defendant's evidence in violation of the provisions of G.S. 1-180.

In *State v. Norman,* 8 N.C. App. 239, 174 S.E. 2d 41, defendant moved for a mistrial after he was seen by some jurors being handcuffed and led from the courtroom. The jurors had returned to the courtroom for articles of clothing they had left in the jury box. Defendant's motion was denied and upon appeal this court found no error. Hedrick, Judge, speaking for the court, quoted from 2 Strong, N. C. Index 2d, Criminal Law, § 98, as follows:

> " 'The trial court has discretionary power to order defendant into custody during the progress of the trial, and its

State v. Wood

action in so doing in the absence of the jury, without anything to indicate in the presence of the jury that defendant was in custody, or its action in so doing in the presence of the jury when it was apparent that the jury understood the reason for the court's action and it could not be regarded by them as a reflection on the credibility of defendant as a witness, will not be held prejudicial.' "

The record shows that after the jury verdict was returned and taken by the clerk, the court questioned each juror individually as to whether he had heard any conversation between the court and defendant's counsel at the recess of court on the preceding afternoon. Only one juror recalled having heard any discussion about taking defendant into custody. He denied that it had influenced his verdict as a juror. Defendant's counsel also examined the jurors. His examination revealed that only the single juror had heard the custody of defendant mentioned and that juror had not seen defendant taken into custody. That juror again insisted, in response to questions by defendant's counsel, that he had not been influenced by what he had heard.

It affirmatively appears from the record that the jurors had left the courtroom before the court stated, "He has got more reason to run now than he ever had." There is nothing to suggest that that statement could have been heard by any of them. In our opinion, the fact that a juror may have heard the court mention having defendant stay in jail overnight does not, standing alone, constitute prejudicial error. See *State v. Mangum,* 245 N.C. 323, 96 S.E. 2d 39.

No error.

Judges BROCK and MORRIS concur.