STATE OF NORTH CAROLINA v. HAROLD LLOYD HARRIS

No. 712SC376

(Filed 18 August 1971)

1. Criminal Law § 138— appeal from district court to superior court — increased sentence

Where defendant appealed to the superior court from conviction and sentence in the district court, the imposition of a greater sentence in the superior court than that imposed in the district court did not violate defendant's rights under the state and federal constitutions.

**2. Criminal Law § 166— abandonment of assignment of error**

Assignment of error is deemed abandoned where appellant's brief presents no argument or authority in support thereof.

APPEAL by defendant from *Rouse, Judge,* at the 25 January 1971 Session of BEAUFORT County Superior Court.

Defendant was tried and found guilty in Beaufort County District Court upon a warrant charging him with driving under the influence of intoxicating liquor and resisting arrest. In the District Court defendant received a 30-day jail sentence suspended upon the conditions that he pay a fine of $150, and surrender his driver's license for 12 months. From the judgment of the District Court, defendant appealed to the Superior Court. In Superior Court, the solicitor announced that the defendant would be tried only on the charge of driving under the influence. Defendant entered a plea of not guilty, and the jury returned a verdict of guilty. In Superior Court defendant received an active sentence of six months suspended for two years upon the conditions that he pay a fine of $250 and costs of court, and that he surrender his driver's license for 15 months. From the judgment entered, defendant appealed.

*Attorney General Morgan by Staff Attorney Giles for the State.*

*James R. Vosburgh for defendant appellant.*

MORRIS, Judge.

[1]  Appellant first contends that the imposition of a greater sentence in Superior Court than he received in District Court violated his constitutional rights under the State and Federal Constitutions. For the reasons stated in *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970), and *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 (1970), this contention is without merit.

[2]  Defendant's remaining assignment of error is directed to the charge of the court. Although this assignment of error is listed as a "question presented" in the brief, appellant's brief presents no argument nor authority in support of his contention. This assignment of error is, therefore, deemed abandoned. Rule

State v. Harris

28, Rules of Practice in the Court of Appeals of North Carolina; *State v. Norman,* 8 N.C. App. 239, 174 S.E. 2d 41 (1970).

No error.

Judges BRITT and PARKER concur.