State v. Crowe

STATE OF NORTH CAROLINA v. CASPER CROWE AND ALEX BUCHANAN

No. 7424SC957

(Filed 16 April 1975)

**1. Burglary and Unlawful Breakings § 7; Larceny § 8— failure to instruct on lesser included offenses — no error**

In a prosecution for felonious breaking or entering and felonious larceny where the evidence tended to show that the door of a service station was open when officers arrived, the two defendants were seen coming out of the doorway, one defendant threw down a box contain-

State v. Crowe

ing goods taken from the store, the other defendant was apprehended with cartons of cigarettes in his arms, and a tire tool and gloves were found in the store, such evidence was sufficient to support a finding of felonious breaking or entering and larceny of property committed pursuant to a breaking or entering, and the trial court did not err in failing to submit lesser included offenses to the jury.

2. **Constitutional Law § 30— delays due to defendants — no denial of speedy trial**

Defendants failed to show that they were denied a speedy trial due to the neglect or wilfulness of the prosecution where there were no allegations to that effect, where one defendant requested and received a continuance on three occasions, and where the other defendant failed to appear in court on one occasion, resulting in the issuance of an *instanter capias*.

ON writ of *certiorari* to review proceedings before *Thornburg, Judge*. Judgment entered 2 May 1974 in Superior Court, AVERY County. Heard in the Court of Appeals 12 March 1975.

Each defendant was indicted for felonious breaking or entering and felonious larceny. Each pleaded not guilty. The jury returned guilty verdicts on all charges against the defendants, and sentences were imposed.

This prosecution arose out of a break-in of Joe's American Service Station, on Highway 194 in Avery County, on 22 August 1971. The store had been padlocked at the end of the business day. Later that night Howard Daniels, sheriff of Avery County, received a radio message to proceed to the service station. He was accompanied by two deputies. When they pulled into the yard of the service station, Daniels saw two men coming out of the door of the station. One was Alex Buchanan, but the other was not immediately recognizable. The unidentifed man was standing about two feet from the door when Daniels first saw him. Buchanan was standing in the doorway holding a box of cigarettes, candy, and cigars, which he threw down. The two men went in different directions when the officers arrived, but they soon were apprehended. The unidentified man was Casper Crowe.

On investigating the station, the officers found that the door of the station had been pried open, and the hasp for the padlock had been broken. They found a tire tool and pair of gloves lying on a counter in the store. Candy, cigarettes, and other items had been pulled off the counter and were lying on the floor. Ownership of the tire tool was never determined. The

officers earlier had noticed a car parked some distance from the store. When defendant Crowe was apprehended, he was heading in the direction of the car.

Defendant Alex Buchanan testified that he and Crowe had been looking for Crowe's car, which had been stolen earlier that night, when they saw a shadow at the corner of the service station. They went to the store but saw no one. Buchanan noticed that the door of the station was open and looked inside. He saw no one, and as he turned to leave, he tripped over a box of cigarettes, candy, and cigars. Buchanan had just picked them up when he heard one of the officers shout, "Get Alex!" He went to the corner of the building where he was apprehended.

Defendant Crowe gave a similar account of the events that led to his arrest at the store. Crowe stated that he had tried to call the sheriff's department several times, without success, about his car. Then he and Buchanan had gone to look for the car when they saw something at the station. Crowe testified that he had $800.00 of his own money on him when he was arrested.

*Attorney General Edmisten, by Associate Attorneys W. A. Raney, Jr., and James E. Delaney, for the State.*

*Kelly Johnson, for the defendants-appellant.*

BROCK, Chief Judge.

[1] Defendants contend that the instructions to the jury were erroneous. The crux of their argument is that the instructions failed to contain a charge on the lesser included offenses of non-felonious breaking or entering and nonfelonious larceny. The necessity of charging on lesser included offenses arises only when there is evidence upon which the jury could find that a lesser included offense was committed. *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954).

The State's evidence tends to show that when the officers arrived, the door to the service station was open, and the two defendants were seen coming out of the doorway. One deputy sheriff testified that both defendants were inside the store at the time the officers arrived. Defendant Buchanan threw down a box containing goods taken from the store, and defendant Crowe was apprehended with cartons of cigarettes in his arms. A tire tool and gloves were found in the store. In our opinion

State v. Crowe

this evidence supports a finding of a felonious breaking or entering, not a lesser crime. It also supports a finding of larceny of property committed pursuant to a breaking or entering (G.S. 14-72[b] [2]), not a lesser offense.

According to defendants' versions of the occurrence, they neither broke nor entered the building and did not steal anything. Their versions would support findings of not guilty only. There was no evidence from which the jury could have found defendants guilty of lesser included offenses. This assignment of error is overruled.

[2] In their second argument, defendants contend that the trial court erred when it denied their motion to dismiss for failure to get a speedy trial. Defendants, in support of this contention, note that the warrants were issued on 23 August 1971 and that the trial began on 29 April 1974.

"The constitutional right to a speedy trial protects an accused from extended imprisonment before trial, from public suspicion generated by an untried accusation, and from loss of witnesses and other means of proving his innocence resulting from passage of time." *State v. Spencer*, 281 N.C. 121, 124, 187 S.E. 2d 779 (1972). In *State v. Johnson*, 275 N.C. 264, 167 S.E. 2d 274 (1969), the Supreme Court stated that undue delay cannot be defined in terms of days, months, or years. The length of the delay, the cause of the delay, waiver by the defendant, and prejudice to him are factors to be considered in determining whether the delay is unreasonable. However, "[t]he burden is on an accused who asserts the denial of his right to a speedy trial to show that the delay was due to the neglect or wilfulness of the prosecution." *State v. Johnson, supra* at 269, 167 S.E. 2d at 278.

In our opinion defendants have failed to carry their burden. There are no allegations that any part of the delay was the result of the State's wilfulness or neglect. On three occasions one of the defendants requested and received a continuance. On one occasion defendant Buchanan failed to appear in court, resulting in the issuance of an *instanter capias*. We think it clear that "[a] defendant who has himself caused the delay, or acquiesced in it, will not be allowed to convert the guarantee, designed for his protection, into a vehicle in which to escape justice." *State v. Johnson, supra* at 269, 167 S.E. 2d at 278. This argument has no merit.

Defendants' assignment of error which contends that the manner of polling the jury was improper is fleckless. The record on appeal, as settled by the trial judge, shows clearly that the jury was polled in the approved manner.

We have considered defendants' remaining assignment of error and have found it to be without merit. In our opinion defendants had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and MARTIN concur.