STATE OF NORTH CAROLINA v. FELTON EARL REEKES

No. 8226SC445

(Filed 7 December 1982)

**Criminal Law § 91— Speedy Trial Act—dismissal with leave for nonappearance of defendant—clock resumed running when proceedings reinstituted**

> Once a prosecutor entered a dismissal with leave for nonappearance of the defendant pursuant to G.S. 15A-932, G.S. 15A-701(b)(11) controlled and the speedy trial clock did not resume running against the State until the proceedings were reinstituted against the defendant. G.S. 15A-701(b)(13).

APPEAL by the State from *Grist, Judge.* Order entered 5 January 1982 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 9 November 1982.

Defendant, Felton Earl Reekes, was arrested for the felony of breaking and entering on 23 February 1981 and was subsequently indicted on that same charge. On 15 December 1981, defendant moved the court to dismiss the charge with prejudice for lack of a speedy trial. The trial court made the following pertinent findings of fact:

> That on or about the 23rd day of February, 1981, the defendant was arrested for the offense of breaking or entering with the intent to commit larceny at the Paper Doll Lounge and with the felony of larceny pursuant to the aforesaid breaking or entering. That on the 12th day of March, 1981, the defendant waived a Probable Cause Hearing and was subsequently indicted by the Grand Jury of Mecklenburg County on the 23rd day of March, 1981, at which time the clock began to run on the 120 days as required under the Speedy Trial Act.

State v. Reekes

That on the 5th of May, 1981, the defendant through his attorney, W. Joseph Dozier, Jr., appeared in Superior Court and filed a motion for a continuance until May 19, 1981, which was granted. That the period from March 23, 1981, through May 5, 1981, constituted 43 days, which time was applied against the 120 days as required under the Speedy Trial Act. That the time from May 5 through May 19 is excluded from the Speedy Trial Act due to the continuance aforesaid.

This matter came on for hearing on motion of the defendant's counsel, W. Joseph Dozier, Jr., for a continuance on the 22nd of May, 1981, requesting that the matter be continued to May 28, which motion was granted on the 22nd of May continuing the matter and excluding the time, according to the Order, through May 27, 1981. That the period from May 19 through May 22, consisting of three days, when added to the 43 days previously included, constitutes a total inclusion to that point of 46 days. That the period from May 22 through May 27 constitutes five days, and these are excluded under the Speedy Trial Act.

That the clock began running again on May 28, and on June 1, 1981, the defendant failed to appear in Court as a result of calendar call on June 1, 1981, again stopping the clock under the Speedy Trial Act, but the time from May 28 until June 1, 1981, is included and, when added to the previous 46 days, made a total of 51 days to be included in counting time relating to the Speedy Trial Act.

That it later was determined that the defendant was in the custody of the Police Department in Forsyth County, North Carolina, and the Order for his Arrest was forwarded to Forsyth County, where he was arrested on August 29, 1981.

That prior to his arrest on August 29, 1981, a Voluntary Dismissal was taken by Calvin E. Murphy, Assistant District Attorney for the State, on June 1, 1981, as a result of the defendant's failure to appear on June 1, 1981 in the Mecklenburg County Superior Court aforesaid, said dismissal having been taken with leave, before the Assistant Clerk of Superior Court for Mecklenburg County, and filed on August 18, 1981, following the defendant's failure to appear again at the call of

the calendar in the Superior Court of Mecklenburg County on August 10, 1981. That the defendant was apprehended in Forsyth County where he was an inmate in the Forsyth County Jail, by service of the Order of Arrest on the defendant on the 29th of August, 1981, by a member of the Forsyth County Sheriff's Department, and the Order for Arrest, together with the officer's Return indicating that the defendant was in custody in Winston-Salem, North Carolina, was returned to the Clerk of Superior Court for Mecklenburg County and filed in Case No. 81-CRS-12959, said Order of Arrest and Return of the Sheriff's Department of Forsyth County having been filed in Mecklenburg County on September 2, 1981. That the period from June 1 until September 2, 1981, was excluded from the Speedy Trial Act because of the defendant's absence from the jurisdiction of the Court.

That, irrespective of the fact that the Order for Arrest had been served on the defendant and the Return indicating the Order of Arrest had been served on the defendant was filed on September 2, 1981, no action was taken by the State to reinstate the matter pursuant to the August 18 Voluntary Dismissal With Leave by the State until it was placed on the calendar on December 14, 1981, before the undersigned and Motion to Dismiss having been filed in this matter on the 15th of December, 1981, after the appearance of the matter on the calendar for December 14, 1981.

Based on these findings, the court made the following conclusion:

That the Court is of the opinion and rules as a matter of law that the time from September 2 until December 14, 1981, should be included in the time to be included under the Speedy Trial Act, since the warrant was served on the defendant and filed in Mecklenburg County subsequent to service on September 2, 1981, and that the State had notice of the situation by the filing of the warrant and its Return on September 2, 1981, in the office of the Clerk of Superior Court for Mecklenburg County. That the inclusion from September 2 through December 14, 1981, when added to the prior inclusion of 51 days through June 1, 1981, constitutes a total of 153 days to be included for counting under the

Speedy Trial Act; and that, since the time exceeds 120 days, this matter is HEREBY ORDERED DISMISSED WITH PREJUDICE.

From the order of the trial court allowing defendant's motion, the State appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney David E. Broome, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James H. Gold, for defendant.*

WELLS, Judge.

The State contends that the Speedy Trial Act allows the State to take a voluntary dismissal with leave and to reinstitute the proceedings at whatever time it chooses, and that the trial court erred in charging against the State the days between 2 September and 14 December, when the State had notice of defendant's whereabouts but had not yet reinstituted proceedings. The statutes relied upon by the State are as follows:

§ 15A-701. *Time limits and exclusions.*

. . . .

(b) The following periods shall be excluded in computing the time within which the trial of a criminal offense must begin:

. . . .

(11) A period of delay from time the prosecutor enters a dismissal with leave for the nonappearance of the defendant until the prosecutor reinstitutes the proceedings pursuant to G.S. 15A-932;

. . . .

§ 15A-932. *Dismissal with leave when defendant fails to appear and cannot be readily found.*

(a) When a defendant fails to appear at any criminal proceeding at which his attendance is required and the prosecutor believes that the defendant cannot be readily found, the prosecutor may enter a dismissal with leave for nonappearance under this section.

. . . .

(d) Upon apprehension of the defendant, or in the discretion of the prosecutor when he believes apprehension is imminent, the prosecutor may reinstitute the proceedings by filing written notice with the clerk.

Defendant contends that it was proper for the court to charge the disputed period against the State because it is implicit in the Speedy Trial Act that the State is required to reinstitute proceedings which have been dismissed with leave once the State has notice that the defendant has been arrested. We disagree. Defendant relies on G.S. 15A-701(b)(13) which provides:

(b) The following periods shall be excluded in computing the time within which the trial of a criminal offense must begin:

. . . .

(13) Any period of delay from the time criminal process is served on a defendant who has previously been called and failed until the time that the district attorney receives notice that the criminal process has been served;

. . . .

Defendant argues that G.S. 15A-701(b)(11) and (13), when read together, create an ambiguity; that in the face of such ambiguity we must look to the manifest intent of the Speedy Trial Act; and that upon doing so, the correctness of the trial court's ruling becomes clear.

G.S. 15A-701(b)(13) has no application to the case before us. Once the prosecutor entered a dismissal with leave for nonappearance of the defendant pursuant to G.S. 15A-932, G.S. 15A-701(b)(11) controlled and the speedy trial clock did not resume running against the State until the proceedings were reinstituted against the defendant on 14 December 1981.

Defendant further contends that the State is required to reinstitute proceedings within a "reasonable" time and that for its failure to do so he is entitled to a dismissal with prejudice to the State under the Speedy Trial Act. Certainly, the State is re-

quired to reinstitute proceedings within some "reasonable" time, especially in a case such as the present one where the defendant is in custody, awaiting trial. But that "reasonable" time is not to be measured under the provisions of the Speedy Trial Act, and a defendant may not rely on the Act to assert legal rights which may arise elsewhere. The Speedy Trial Act creates new rights, supplemental to the speedy trial rights existing under the Sixth Amendment to the Constitution of the United States. G.S. 15A-704. It is clear from the provisions of G.S. 15A-701(b) that the legislature intended to limit the statutory speedy trial rights of defendants who fail to appear in court.

The order of the trial court must be reversed and this case must be remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges VAUGHN and WHICHARD concur.