STATE OF NORTH CAROLINA v. ALFRED ALLAN PIPPIN, IV

No. 8410SC215

(Filed 5 February 1985)

1. **Constitutional Law § 50— 14 months between arrest and trial—delay prima facie unreasonable**

    Where the offense for which defendant was indicted occurred on 12 July 1982 and defendant voluntarily surrendered himself to the authorities on the same day, admitting his act, a delay of fourteen months in bringing him to trial was prima facie unreasonable and required the district attorney to fully justify the delay.

2. **Constitutional Law § 51— speedy trial—time engaged in plea bargaining not excluded—no error**

    By entering into plea bargaining with the assistant district attorney, defendant did not acquiesce in the full 273 days between his arrest and indict-

ment, thereby waving his right to assert a denial of a speedy trial, but instead acquiesced only in those time periods actually attributable to defense counsel's requested plea negotiations. The State failed to meet its burden of establishing any periods relating to plea bargaining and therefore could not complain that the trial court failed to exclude that time.

3. **Criminal Law § 91— 140 days between first and final indictment—violation of Speedy Trial Act**

A 140-day delay between defendant's first indictment and his final indictment constituted a violation of the N. C. Speedy Trial Act where, except for a seven-day continuance granted on defendant's motion to enable him to take high school exams, the delay was attributable to the district attorney's failure to secure a proper indictment and prosecute the case and, to a much lesser extent, to the assistant district attorney's illness.

4. **Constitutional Law § 50— motion under N. C. Speedy Trial Act—no assertion of constitutional right to speedy trial**

Defendant's speedy trial motion under the N. C. Speedy Trial Act was not as assertion of his constitutional right to a speedy trial.

5. **Constitutional Law § 50— 14 months between arrest and trial—defendant prejudiced**

Defendant was prejudiced by a 14-month delay in the proceedings against him where he was incarcerated twice for only brief periods and was released on bond for the balance of the time; at the time of the alleged offense, defendant was a 16-year-old attempting to complete his high school education, and the undue negligent delay by the State certainly interfered with the associational interests of defendant; and defendant's defense was significantly impaired in that he was twice forced to prepare for trials which were not conducted thereby draining his and his family's financial resources.

6. **Constitutional Law § 50— speedy trial motion—defendant's financial resources exhausted—basis of trial court's finding**

Though the better practice would have been for the trial court to rely on affidavits and other evidence in determining that trial preparations had exhausted defendant's and his family's financial resources, the State nevertheless could not complain that the trial court relied on oral arguments of counsel, since the assistant district attorney expressed no objection to the trial court on hearing counsel's arguments and, more importantly, the trial court relied on several representations made by the assistant district attorney, even though his representations were matters within his personal knowledge.

7. **Courts § 9— speedy trial motions—no review of one superior court's judgment by another**

There was no merit to the State's argument that the trial court erred in dismissing the charges against defendant with prejudice, thereby violating the rule that ordinarily one superior court may not modify, overrule or change the judgment of another superior court made in the same action, since defendant's first motion for dismissal was for violation of his right to a speedy trial pur-

---

State v. Pippin

---

suant to the N. C. Speedy Trial Act, and his second motion alleged a violation of his constitutional right to a speedy trial.

APPEAL by the State from *Preston, Judge*. Judgment entered 22 September 1983 in WAKE County Superior Court. Heard in the Court of Appeals 3 December 1984.

Defendant was arrested on 12 July 1982 for the murder of Allan Pippin, his father. On 25 March 1983, the Wake County Grand Jury declined indictment of defendant for first degree murder. The district attorney submitted, and the Grand Jury returned, an indictment for second degree murder on 11 April 1983. The solicitor sought to supersede the 11 April 1983 indictment because of deficiencies in properly naming defendant and victim, and the Grand Jury issued another second degree murder indictment on 6 June 1983, the scheduled trial date. Defendant sought and was granted a continuance of the trial on 6 June 1983 until 13 June 1983 in order that he might complete high school examinations.

Defendant moved to quash the indictment on 13 June 1983 as it did not allege "malice," an element of the crime of second degree murder. The trial court, Judge Bowen presiding, ordered the indictment quashed and granted the assistant district attorney's motion to send a new indictment to the Grand Jury. The Grand Jury reindicted defendant for second degree murder on 20 June 1983.

Trial was rescheduled on 22 August 1983. Defendant moved, prior to trial, for dismissal of the charges with prejudice, alleging a violation of the North Carolina Speedy Trial Act. The trial court, Judge Brewer presiding, dismissed the charges against defendant without prejudice on 18 August 1983.

The Grand Jury again indicted defendant for second degree murder on 29 August 1983. Defendant moved for dismissal of the charges with prejudice for lack of a speedy trial as required by the Constitution of the United States and the Constitution of North Carolina. Pending arguments on that motion, defendant petitioned the Court of Appeals for a writ of certiorari alleging that the trial court erred on 18 August 1983 in not dismissing the indictment with prejudice and that the trial court failed to make proper findings of fact as required by law. The petition for cer-

tiorari was denied by this court on 15 September 1983. The trial court, Judge Preston presiding, heard oral arguments on defendant's constitutional speedy trial motion and entered an order on 22 September 1983 dismissing the charges against defendant with prejudice.

The State has appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Harrell, Titus & Hassell, by Robert A. Hassell, for defendant.*

WELLS, Judge.

The State contends that the trial court erred in dismissing charges with prejudice against defendant because (1) it made findings of fact totally unsubstantiated by any evidence in the record as no evidence was presented at the hearing, and (2) it erred in concluding that defendant's constitutional right to a speedy trial had been violated. We affirm the trial court's order.

The fundamental law of this state provides every individual charged with a crime has the right to a speedy trial, *e.g., State v. Webb*, 155 N.C. 426, 70 S.E. 1064 (1911). This right is also protected by the Sixth Amendment to the Constitution of the United States as applied to the states through the Fourteenth Amendment, *Klopfer v. North Carolina*, 386 U.S. 213 (1967). This right, perhaps the most amorphous of constitutional protections afforded criminal defendants, protects an accused from undue and oppressive pretrial incarceration, prolonged anxiety attendant to criminal accusation, and the potential that undue delays will impair an accused's defense. *United States v. Ewell*, 383 U.S. 116 (1966). Recognizing the obvious interests that society has in the prompt punishment of criminal activity and given the reality that undue delay may hinder the prosecution of an accused, as well as prejudice a defendant, the right to a speedy trial also protects a "societal interest . . . which exists separate from, and at times in opposition to, the interests of the accused." *Barker v. Wingo*, 407 U.S. 514 (1972). The balancing of these interests has been aptly described as not affording the defendant a "sword for defendant's escape, but rather . . . a shield for his protection." Note, 57 Colum. L. Rev. 846 (1957).

The determination of whether the right to a speedy trial has been abridged requires a case by case balancing of four inter-related factors: (1) length of delay; (2) reason for delay; (3) defendant's assertion of the right to a speedy trial; and (4) prejudice to defendant resulting from the delay. Yet, "none of the four factors . . . [are] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. . . . In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Barker v. Wingo, supra; see also e.g., State v. McKoy,* 294 N.C. 134, 240 S.E. 2d 383 (1978); *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274 (1969). Defendant has the initial burden of showing, *prima facie,* that the delay was caused by the wilful acts or neglect of the prosecuting authority, and, if this burden is met, the State must "offer evidence fully explaining the reasons for the delay and sufficient to rebut the *prima facie* showing or risk dismissal." *State v. McKoy, supra* (emphasis in original); *see also State v. Marlow,* 310 N.C. 507, 313 S.E. 2d 532 (1984); *State v. Jones,* 310 N.C. 716, 314 S.E. 2d 529 (1984); *State v. Wright,* 290 N.C. 45, 224 S.E. 2d 624 (1976), *cert. denied,* 429 U.S. 1049 (1977).

We first address the length of the delay in this case of some fourteen months (437 days) from arrest until defendant's speedy trial motion was granted. It is well established that a defendant's right to a speedy trial attaches upon being formally accused of criminal activity, by arrest or indictment. *Dillingham v. United States,* 423 U.S. 64 (1975) (per curiam); *State v. McCoy,* 303 N.C. 1, 277 S.E. 2d 515 (1981). This factor:

> [I]s to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.

*Barker v. Wingo, supra; see also State v. McKoy, supra; State v. Wright, supra* (Exum, J., dissenting). We recognize that some delay is inherent and must be tolerated in any criminal trial,

*State v. McKoy, supra*; for example, the state is entitled to an adequate period in which to prepare its case for trial, *Pollard v. United States*, 352 U.S. 354 (1957); *see also e.g., State v. Johnson, supra; State v. Norman*, 8 N.C. App. 239, 174 S.E. 2d 41 (1970). What length of time is appropriate in each case is initially within the sound discretion of the trial court. *State v. Hollars*, 266 N.C. 45, 145 S.E. 2d 309 (1965); *State v. Lowry and State v. Mallory*, 263 N.C. 536, 139 S.E. 2d 870, *cert. denied* (1965); *State v. Watson*, 13 N.C. App. 54, 185 S.E. 2d 252 (1971), *cert. denied*, 409 U.S. 1043 (1972).

[1]　The offense for which defendant was indicted occurred on 12 July 1982. Defendant voluntarily surrendered himself to the authorities on the same day, admitting his act. Under these facts, and allowing for a reasonable period in which the district attorney needed to prepare for trial, we agree with the implicit finding of the trial court that a delay of fourteen months in bringing defendant to trial was *prima facie* unreasonable and required the district attorney to fully justify the delay. *Compare State v. McKoy, supra* (defendant indicted for first degree murder, found guilty of voluntary manslaughter; approximately twenty-two month delay "unusual"); *State v. Eugene Brown*, 282 N.C. 117, 191 S.E. 2d 659 (1972) (defendant charged with first degree murder, found guilty of manslaughter; seventeen month delay "could contravene the right to a speedy trial under some circumstances, and such delay should be avoided if possible"); *with State v. McCoy, supra* ("We doubt that for a murder case such as this one this delay [eleven months] . . . is enough to be 'presumptively prejudicial,' so as to require us to inquire 'into the other factors that go into the balance.' "); *State v. Sidney Brown*, 287 N.C. 523, 215 S.E. 2d 150 (1975) (three and one-half month delay held not showing any denial of right to speedy trial). The period of delay "in absolute terms is never *per se* determinative," *see also State v. Eugene Brown, supra; State v. Wright, supra*, and as a "triggering" mechanism, "its significance in the balance is not great." *State v. Hill*, 287 N.C. 207, 214 S.E. 2d 67 (1975).

We next review the reasons for the delay. This factor is closely associated with length of delay as the right to a speedy trial protects wilful, oppressive, or neglectful delays by the State. *E.g., United States v. Ewell, supra; Barker v. Wingo, supra; State v. Hill, supra; State v. Crowe*, 25 N.C. App. 420, 213 S.E. 2d 360,

*cert. denied*, 287 N.C. 665, 216 S.E. 2d 908 (1975). In balancing the reasons for delay in bringing an accused to trial:

> [D]ifferent weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.

*Barker v. Wingo, supra.* It is axiomatic that the state will not, under most circumstances, be held responsible for delays requested or caused by defendant. *E.g.. State v. McKoy, supra.*

[2]   Between defendant's arrest on 12 July 1982 and the first unsuccessful attempt at indictment for first degree murder on 25 March 1983 and the initial indictment for second degree murder on 11 April 1983, there was a lapse of some 273 days. The assistant district attorney, at the motion hearing before the trial court, represented that he had not sought an indictment prior to March 1983 because defendant's counsel had requested that no indictment be brought against defendant while plea negotiations were held with the assistant district attorney. The assistant district attorney stated that plea bargaining involved extensive discussions with defense counsel and some correspondence between the parties. Defendant's attorney agreed that he had requested the district attorney not to indict defendant for first degree murder. In its order, the trial court found as facts:

> . . . .
>
> 5. . . . no indictment was issued, although there were negotiations between the State and counsel for the defendant. . . .
>
> 6. . . . this Court has heard the argument of counsel for the State as to the cause of the delay and cannot find that this lengthy delay [437 days] was justified by any reasonable necessity. . . .

The State, in its brief, appears to argue that by entering into plea bargaining with the assistant district attorney defendant ac-

quiesced in the full 273 days delay between arrest and indictment thereby waiving his right to assert a denial of a speedy trial. We disagree with the state's argument that the entire period is excludable.

We hold that any time periods actually attributable to defense counsel's requested plea negotiations is a waiver by defendant of predicating a speedy trial claim on that period. Plea bargaining is a universal and necessary practice in the courts of this state. The practice is mutually beneficial to the State and defendants. Permitting defendants to avail themselves of this beneficial process and then to subsequently base speedy trial claims on delays expended in plea negotiations would be grossly prejudicial to the state. The trial court's order failed to determine this period of time, and we have been unable to determine this period from the motion transcript. The burden of proof for establishing any periods relating to plea bargaining was on the State. *State v. McKoy, supra.* The state, having failed to adequately present the trial court with evidence as to the period expended in plea negotiations, cannot now complain as to the trial court's failure to exclude that time.

[3] From 11 April 1983 until 29 August 1983, some 140 days, defendant requested one seven day continuance, from 6 June 1983 to 13 June 1983, in order that he might complete high school examinations. The balance of this period, some 133 days, was spent by the district attorney in repeated attempts to secure an indictment under which the state could proceed to trial. The district attorney attempted to supersede the indictment of 11 April 1983 with an indictment on 6 June 1983 because it improperly named the defendant and victim. The superseding indictment was quashed on 13 June 1983 because of the district attorney's failure to properly allege "malice," a necessary element of the charge against defendant. Defendant was indicted for a third time on 10 June 1983 and a trial date was set for 18 July 1983. A continuance was granted until 22 August 1983 because the assistant district attorney in charge of the case was ill. The indictment was dismissed without prejudice on 18 August 1983, the trial court finding a violation of the North Carolina Speedy Trial Act. Each of these indictments arose from the same act by defendant and the intervals between indictments must be considered in evaluating

defendant's speedy trial claim. *Dickey v. Florida*, 398 U.S. 30 (1970) (Brennan, J., concurring).

The state argues that the delay in prosecuting defendant was not intentionally designed to prejudice the defendant, oppressive or arbitrary. While the delay may not have been intentionally pursued in order to prejudice defendant's defense, defendant's constitutional right to a speedy trial encompasses neglectful or negligent delays even though such delays are weighed more neutrally in the *Barker* balancing process than purposeful delays. Unquestionably, the delay between 11 April 1983 and 18 August 1983, except for the seven day continuance granted on defendant's motion, is attributable, for the most part, to the district attorney's negligent failure to secure a proper indictment and prosecute the case prior to a violation of the North Carolina Speedy Trial Act, and, to a much lesser extent, the result of illness of the assistant district attorney.

The district attorney had the defendant indicted a fourth time on 29 August 1983, the next session of the Grand Jury. Defendant petitioned for a writ of certiorari to this court on 1 September 1983, defendant's petition was denied on 15 September 1983 and this court's order was filed on 19 September 1983. On 22 September 1983, the trial court dismissed the charge against defendant which is the subject of this appeal. Any delay occasioned by defendant's motion would not be attributable to the state, but based on the record before us, this delay, if any, was minimal.

[4] The next factor to be considered is defendant's assertion of his right to a speedy trial. Defendant is not required to demand that the state prosecute him. Our supreme court has held that after beginning a prosecution the state has the duty to see that defendants are speedily brought to trial. *State v. Johnson, supra.* The

> [R]ule is that the defendant's assertion of or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right.
>
> . . . .
>
> We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.

*Barker v. Wingo, supra; see also State v. Jones, supra; State v. Hill, supra.*

Defendant contends that his speedy trial motion under the North Carolina Speedy Trial Act was an assertion of his constitutional right to a speedy trial. We disagree. In *State v. Jones, supra,* the court held that the defendant had not asserted his right to a speedy trial even though he had filed a motion to dismiss under the North Carolina Speedy Trial Act. *See also State v. Moore,* 51 N.C. App. 26, 275 S.E. 2d 257 (1981).

The final factor we must consider is prejudice to defendant. Prejudice:

> [S]hould be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

*Barker v. Wingo, supra* (citation omitted); *see also State v. Johnson, supra.* The United States Supreme Court has also recognized that:

> Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

*United States v. Marion,* 404 U.S. 307 (1971); *see also United States v. MacDonald,* 456 U.S. 1 (1982); *see also e.g., State v. McCoy, supra* (liberty interest). Defendant does not, therefore, carry the burden to affirmatively demonstrate prejudice, *Dickey v. Florida, supra; Moore v. Arizona,* 414 U.S. 25 (1973), even though demonstration of actual prejudice to the defense of criminal charges carries the greatest weight in balancing the factors in defendant's claim of denial of a speedy trial.

[5] In analyzing prejudice to the defendant, we review the facts before us in light of *Barker* and *Marion.* First, defendant was in-

carcerated twice for only brief periods and was released on bond for the balance of the proceedings against him. Second, at the time of the alleged offense defendant was a sixteen year old high school student, attempting to complete his high school education. The undue, negligent delay by the state in resolving the criminal charges against defendant certainly interfered with the associational interests recognized in and protected by *Marion*. Third, defendant argued that his defense has been significantly impaired as he was twice forced to prepare for trials that were not conducted thereby draining his and his family's financial resources. The *Marion* court specifically recognized this factor as prejudicial. The trial court in the case before us found as a fact that "defendant and his family have exhausted their financial resources to the extent that further appellate proceedings may well require that defendant proceed in forma pauperis." Defendant did not contend that he had sustained any actual prejudice in mounting his defense as recognized in the third *Barker* criteria.

[6] The state contends that the trial court erred in finding as fact that trial preparation had exhausted defendant and his family's financial resources. The state's position is simply that the trial court could not make these findings based on oral arguments of counsel. We disagree.

The Official Commentary to N.C. Gen. Stat. § 15A-952 (1983) provides that "pretrial motions . . . can be disposed of on affidavit or representations of counsel." Furthermore, in *State v. Hollars, supra*, our supreme court decided defendant's constitutional speedy trial claim on its merits while specifically noting that all evidence presented to the trial court was based on oral representations of counsel. *See also* 60 C.J.S. *Motions & Orders* § 37(5) (1969) ("Mere oral statements of counsel should not be received as evidence although objection to their reception may be waived"). Appellate courts in this state have, in the context of speedy trial claims, criticized the failure of counsel to properly develop evidentiary records, *e.g., State v. Wright, supra*, and have clearly expressed that the better practice is to use affidavits and other evidence, *Cf, State v. Branch*, 306 N.C. 101, 291 S.E. 2d 653 (1982). We also note that while the state alleges that the trial court erred in receiving defense counsel's oral statements as evidence, the assistant district attorney expressed no objection to the trial court on hearing counsel's arguments and, more impor-

tantly, the trial court relied on several representations made by the assistant district attorney, even though his representations were matters within his personal knowledge as compared to defense counsel's representations of defendant's financial status.

In balancing the four *Barker* factors, we find that defendant had presented a *prima facie* case that the district attorney's delay in bringing him to trial for approximately fourteen months was caused, in significant part, by the negligence of the district attorney in securing an indictment under which defendant could be properly tried. Except for the one continuance requested by defendant and his petition for a writ of certiorari to this court, the resulting delays must be weighed against the state, albeit more neutrally than if the delay had been purposefully designed. Once the defendant presented a *prima facie* case that substantial delay was the result of the district attorney's negligence, the burden of proof shifted to the state to fully explain and justify the reasons for the delay. The state failed to carry its burden of proof, as the trial court properly found. Two factors counterbalance the length of delay and the district attorney's negligence, however; the defendant's failure to assert his right to a speedy trial and the degree of prejudice resulting from the delay. We conclude that while the degree of prejudice to this defendant is not as severe as in those cases in which defendant's ability to present a defense has been actually impaired, the defendant here demonstrated more than minimal prejudice. Taking all of the facts found by the trial court, and affording the trial court's discretionary judgment the weight it deserves, we affirm the dismissal of charges against defendant.

[7]   Finally, the state argued that the trial court erred in dismissing the charges against defendant with prejudice violating the rule that ordinarily one superior court may not modify, overrule or change the judgment of another superior court made in the same action. We find that the authority cited by the State is inapposite to the facts before us.

Our research reveals only one case in the context of speedy trials addressing this issue, *State v. Neas,* 278 N.C. 506, 180 S.E. 2d 12 (1971). In *Neas,* defendant's motion for dismissal of charges against him based on a violation of his constitutional right to a speedy trial was denied by the trial court prior to trial. Defend-

State v. Pippin

ant plead not guilty, but withdrew his plea prior to jury selection and attempted to enter a plea of guilty. The trial court, for reasons not material to the issue before us, refused to accept the guilty plea and continued the case to the next term of court. Defendant again raised his motion for dismissal for want of a speedy trial based on constitutional law and on the same facts presented to the first trial court. The trial court refused to entertain the motion because of the previous court's order. Our supreme court held that the second trial court correctly refused to entertain defendant's motion as the second motion for dismissal was predicated on the same law and facts as defendant's first motion. *Id.* The facts before us, as distinguished from *Neas*, reveal that defendant's first motion for dismissal was for violation of his right to a speedy trial pursuant to the North Carolina Speedy Trial Act. Defendant's second motion alleged a violation of his constitutional right to a speedy trial. The North Carolina Speedy Trial Act specifically provides that "[n]o provision of this Article shall be interpreted as a bar to any claim of denial of a speedy trial as required by the Sixth Amendment to the Constitution of the United States," N.C. Gen. Stat. § 15A-704 (1983), and this court has held that the protection of the Speedy Trial Act are new rights that are supplemental to the constitutional rights to a speedy trial, *State v. Reekes*, 59 N.C. App. 672, 297 S.E. 2d 763, *disc. rev. denied*, 307 N.C. 472, 298 S.E. 2d 693 (1982). We must, therefore, reject the state's argument.

For the reasons previously discussed, the order of the trial court dismissing charges against defendant with prejudice must be

Affirmed.

Judges ARNOLD and PHILLIPS concur.