STATE OF NORTH CAROLINA v. CHARLES BRANDON HOWELL

No. COA10-476

(Filed 3 May 2011)

**1. Constitutional Law— motion for speedy trial—motion filed by defendant personally—represented by counsel**

A trial court could consider a speedy trial motion filed by a defendant personally even though the defendant was represented by counsel.

**2. Constitutional Law— speedy trial violations—constitutional or statutory basis uncertain**

A trial court order dismissing charges against a defendant for speedy trial violations was remanded where the grounds for the dismissal could not be determined from the record. While it seemed evident that the trial court based its ruling at least in part on a violation of defendant's constitutional right to a speedy trial, it was not evident whether the court also based its decision in part on potential statutory violations. It was noted that N.C.G.S. § 15A-711 does not guarantee a right to trial within a specific time and that a violation of the statute is not a violation of the Sixth Amendment right to a speedy trial.

**3. Constitutional Law— speedy trial—time of denial impossible to determine—analysis of all Barker factors required**

The trial court relied upon an incorrect standard in ruling on defendant's motion to dismiss for violation of his constitutional speedy trial rights where the trial court believed that dismissal was the only possible remedy when it was impossible to determine precisely when the right had been denied. In order to conclude that there has been a Sixth Amendment violation of a defendant's right to a speedy trial, the court must examine and consider all of the factors in *Barker v. Wingo*, 407 U.S. 514. Reliance on headnotes rather than holdings was cautioned against.

Appeal by the State from order entered 9 November 2009 by Judge Patrice A. Hinnant in Superior Court, Forsyth County. Heard in the Court of Appeals 1 December 2010.

*Attorney General Roy Cooper, by Special Deputy Attorney General Robert C. Montgomery, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Benjamin Dowling-Sendor, for Defendant.*

McGEE, Judge.

Charles Brandon Howell (Defendant) was indicted on 13 April 2009 on one count each of robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury. Defendant was also indicted on that same date for having attained habitual felon status. By at least 26 April 2009, Defendant was in state prison on other charges, as on that date Defendant sent a letter from prison requesting a speedy trial in the present case. Upon the State's request, Defendant was transported from prison to the Forsyth County Jail on 13 May 2009 so that he could be tried on the present charges. Transfers of this kind are made pursuant to N.C. Gen. Stat. § 15A-711 (2009), which states in relevant part:

> (a) When a criminal defendant is confined in a penal or other institution under the control of the State or any of its subdivisions and his presence is required for trial, the prosecutor may make written request to the custodian of the institution for temporary release of the defendant to the custody of an appropriate law-enforcement officer who must produce him at the trial. The period of the temporary release may not exceed 60 days.

N.C.G.S. § 15A-711(a). Defendant wrote additional letters to the Forsyth County Clerk of Superior Court inquiring about the status of his case, including one dated 24 May 2009, that stated: "I filed a speedy trial motion back in April. Could you let me know what day yall received it on?" Defendant also wrote to the Forsyth County Clerk of Superior Court on 3 August 2009. In his letter, Defendant enclosed a "Motion and Request for Dismissal" and requested that it be filed. In his "Motion and Request for Dismissal," Defendant asked that his charges be dismissed because he had been held at the Forsyth County Jail for over sixty days, which constituted a violation of N.C.G.S. § 15A-711(a). The trial court heard Defendant's "Motion and Request for Dismissal" on 9 November 2009. Though Defendant's "Motion and Request for Dismissal" was written in terms that could be viewed as limiting the review to possible violations of N.C.G.S. § 15A-711, because Defendant had written the filing himself and because of his earlier correspondences, the State, the trial court, and Defendant's attorney all proceeded as if the request for dismissal also encompassed alleged violations of Defendant's right to a speedy trial. The State conceded: "[C]ertainly it would be appropriate to inquire into the analysis under the North Carolina and U.S. constitutions, despite any lack of citing, because it's clear what [Defendant's] intent is, is to request a speedy trial." Both Defendant and the State made

arguments concerning N.C.G.S. § 15A-711 and issues involving Defendant's constitutional right to a speedy trial. Though not entirely clear from either the transcript or the subsequent order dismissing the charges, it appears that both Defendant and the State ultimately based their arguments concerning whether the charges against Defendant should be dismissed on Sixth Amendment grounds. In delivering its ruling in open court, the trial court, though mentioning three statutes, appears to have based its ruling on its analysis with respect to the Sixth Amendment arguments and law presented by Defendant and the State. The trial court determined that the charges against Defendant should be dismissed and it did dismiss the charges by judgment entered 9 November 2009. The State appeals.

I.

[1] The State first argues that the trial court should not have considered Defendant's "Motion and Request for Dismissal" because Defendant filed it himself when he was represented by counsel. However, Defendant's counsel, the State, and the trial court all agreed to address the "Motion and Request for Dismissal" at the hearing, despite its having been filed by Defendant personally. The facts in the present case are clearly distinguishable from those cited by the State in *State v. Williams*, 363 N.C. 689, 686 S.E.2d 493 (2009) (trial court did not err when it refused to rule on the defendant's *pro se* motion because the defendant was represented by counsel at the time, and defendant's counsel in no manner adopted the defendant's motion as his own); and *State v. Grooms*, 353 N.C. 50, 61, 540 S.E.2d 713, 721 (2000) (trial court did not err in denying the defendant's "motion" for a speedy trial where the defendant had "mentioned that he had been denied his right to a speedy trial. However, defense counsel never demanded a speedy trial, nor did counsel file a motion to dismiss for failure to provide a speedy trial."). Nowhere in *Williams* or *Grooms* does our Supreme Court state that a trial court cannot consider a motion filed by a defendant personally when the defendant is represented by counsel, only that it is not error for the trial court to refuse to do so. Further, unlike in *Williams* and *Grooms*, Defendant's counsel in the present case argued the speedy trial issue at the hearing, and both the State and the trial court consented to addressing this issue. This argument is without merit.

II.

[2] The State also argues that, based upon the facts and law presented to the trial court at the hearing, the trial court erred in dismissing the charges against Defendant. First, because we cannot determine from

the record the grounds upon which the trial court made its ruling dismissing the charges against Defendant, we must remand.

The order dismissing the charges against Defendant was filed on 9 November 2009 and states in full: "This matter came on to be heard by the [trial court] where the court heard a motion to dismiss regarding a speedy trial. The court allows the motion and dismisses the case." At the conclusion of the hearing on Defendant's motion to dismiss, the trial court made the following statements before rendering its ruling:

THE COURT: Madam Clerk, show we are on the motion to dismiss and the request for a speedy trial, whether his rights have been denied as the basis for the motion to dismiss.

And as I understand, you're relying on, after the court made inquiry, 7A-49.4 and then 15A-954 and 15A-711.

The operative date, as the court views it, would be the date of indictment, which is April 13th. The date of the filing of the defendant's motion was May 6th.

And in pertinent part, the cases submitted by counsel would rely—the court will rely on [State v. Pippin, 72 N.C. App. 387, 324 S.E.2d 900 (1985)] for the determination of time of trial. And what length of time is appropriate between formal accusation against an accused and time accused is brought to trial is initially within the sound discretion of the trial court.

And, further, that in [State v. Spivey, 357 N.C. 114, 579 S.E.2d 251 (2003),] in the first headnote that dismissal of the charge is the only possible remedy for denial of the right to a speedy trial, where it is impossible to determine precisely when the right has been denied.

The court views that the question of whether the defendant has been denied a speedy trial must be answered in light of the facts in the particular case and whether there is a showing of neglect or willingness on the part of the state, but following most closely would be those trigger dates in April and May.

The motion is allowed.

These statements by the trial court in open court are the only indication we have concerning the reasons supporting the trial court's decision to dismiss the case. While it seems evident that the trial court based its ruling to dismiss, at least in part, on a determi-

nation that Defendant's constitutional right to a speedy trial had been violated, it is not evident to our Court whether the trial court also based its decision to dismiss in part on potential violations of any of the statutes referenced in the above quote. We therefore remand to the trial court for additional findings and conclusions that make clear what statutory violations, if any, it has found. *See Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980). If the trial court does find statutory violations occurred, it should further indicate what remedy it is granting Defendant for the violations.

We note that N.C.G.S. § 15A-711 does not guarantee a defendant the right to have his matter tried within a specific period of time. N.C.G.S. § 15A-711 is not a "speedy trial" statute. "North Carolina's Speedy Trial Act, N.C. Gen. Stat. § 15A-701, *et seq.*, was repealed 1 October 1989, thus, we now apply federal constitutional standards to speedy trial issues." *State v. Joyce*, 104 N.C. App. 558, 568, 410 S.E.2d 516, 522 (1991) (citations omitted). A violation of N.C.G.S. § 15A-711 does not constitute a violation of a defendant's Sixth Amendment right to a speedy trial. *Id.* "We follow the same [Sixth Amendment] analysis when reviewing [speedy trial] claims under Article I, Section 18 of the North Carolina Constitution." *Grooms*, 353 N.C. at 62, 540 S.E.2d at 721 (citations omitted).

**[3]** Second, the State argues that dismissal of the charges against Defendant, based upon a Sixth Amendment violation of Defendant's right to a speedy trial, constituted error. Because we hold that the trial court reached its Sixth Amendment ruling under a misapprehension of the law and without conducting a complete analysis, including consideration of all the relevant facts and law in this case, we vacate the 9 November 2009 order and remand to the trial court for further action.

We have no way of determining which headnote the trial court referenced in making its determination in reliance on *Spivey*. We caution that headnotes are not reliable expressions of the law and they do not have precedential value. The actual holdings of the relevant appellate opinions must be consulted.

Our Supreme Court in *Spivey* stated:

> "The right to a speedy trial is different from other constitutional rights in that, among other things, *deprivation of a speedy trial does not per se prejudice the ability of the accused to defend himself*; it is impossible to determine precisely when the right has been denied; it cannot be said precisely how long a delay is too long; there is no fixed point when

the accused is put to a choice of either exercising or waiving his right to a speedy trial; and dismissal of the charges is the only possible remedy for denial of the right to a speedy trial." *State v. McKoy*, 294 N.C. 134, 140, 240 S.E.2d 383, 388 (1978).

In *Barker v. Wingo*, the United States Supreme Court identified four factors that "courts should assess in determining whether a particular defendant has been deprived of his right" to a speedy trial under the federal Constitution. 407 U.S. 514, 530, 33 L. Ed. 2d 101, 117 (1972). These factors are: (i) the length of delay, (ii) the *reason for delay, (iii) the defendant's assertion of his right to a speedy trial, and (iv) whether the defendant suffered prejudice as a result of the delay. Id.; see also State v. Flowers, 347 N.C. 1, 27, 489 S.E.2d 391, 406 (1997), cert. denied,* 522 U.S. 1135, 140 L. Ed. 2d 150 (1998). "We follow the same analysis when reviewing such claims under Article I, Section 18 of the North Carolina Constitution." *State v. Grooms*, 353 N.C. 50, 62, 540 S.E.2d 713, 721 (2000), *cert. denied*, 534 U.S. 838, 151 L. Ed. 2d 54 (2001).

*Spivey*, 357 N.C. at 118, 579 S.E.2d at 254 (some emphasis added). The language quoted above: "deprivation of a speedy trial does not *per se* prejudice the ability of the accused to defend himself[,]" may lead to some understandable confusion, especially as it is followed by the language "dismissal of the charges is the only possible remedy for denial of the right to a speedy trial." When read in context, we understand these statements to mean that an unwarranted *delay* does not *per se* establish a violation of a defendant's Sixth Amendment right to a speedy trial. In order to conclude there has been a Sixth Amendment violation of a defendant's right to a speedy trial, the trial court must examine and consider *all* the *Barker* factors listed above. *Id.* at 118, 579 S.E.2d at 254.

First, the length of the delay is not *per se* determinative of whether defendant has been deprived of his right to a speedy trial.

. . . .

Second, defendant has the burden of showing that the delay was caused by the *neglect* or *willfulness* of the prosecution. Only after the defendant has carried his burden of proof by offering *prima facie* evidence showing that the delay was caused by the neglect or willfulness of the prosecution must the State offer evidence fully explaining the reasons for the delay and sufficient to rebut the *prima facie* evidence.

. . . .

Third, defendant's . . . assertion of his right to a speedy trial is not determinative of whether he was denied the right. . . . *See Barker*, 407 U.S. at 533, 33 L. Ed. 2d at 118 (holding that none of the factors alone is sufficient to establish a violation and that all must be considered together).

Fourth, in considering whether a defendant has been prejudiced because of a delay, this Court has noted that a speedy trial serves " '(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.' "

A defendant must show actual, substantial prejudice. *State v. Goldman*, 311 N.C. 338, 346, 317 S.E.2d 361, 366 (1984) (holding that "in the absence of a showing of actual prejudice, . . . our courts should consider dismissal in cases of serious crimes with extreme caution").

*Spivey*, 357 N.C. at 119-22, 579 S.E.2d at 255-57 (some internal citations omitted). However,

" 'none of the four factors . . . [are] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. . . . In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.' " *Barker v. Wingo*, [407 U.S. 514, 33 L. Ed. 2d. (1972)].

*State v. Pippin*, 72 N.C. App. 387, 391, 324 S.E.2d 900, 903 (1985) (citations omitted).

It is only after a trial court has considered all of the factors together and determined that a defendant has suffered an actual Sixth Amendment violation of his right to a speedy trial that dismissal of charges becomes mandatory.

The amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but it is the only possible remedy.

*Barker v. Wingo*, 407 U.S. 514, 522, 33 L. Ed. 2d 101, 112 (1972).

IN RE J.S.W.

[211 N.C. App. 620 (2011)]

It appears the trial court erroneously believed "dismissal of the charge[s] [was] the only possible remedy for denial of the right to a speedy trial, *where it [wa]s impossible to determine precisely when the right ha[d] been denied.*" (Emphasis added). " '[I]t is impossible to determine precisely when the right has been denied; it cannot be said precisely how long a delay is too long; there is no fixed point when the accused is put to a choice of either exercising or waiving his right to a speedy trial[.]' " *Spivey*, 357 N.C. at 118, 579 S.E.2d at 254, quoting *State v. McKoy*, 294 N.C. 134, 140, 240 S.E.2d 383, 388 (1978).

> [T]he length of the delay is not *per se* determinative of whether the defendant has been deprived of his right to a speedy trial. The United States Supreme Court has found post accusation delay "presumptively prejudicial" as it approaches one year. However, presumptive prejudice "does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry."

*Grooms*, 353 N.C. at 62, 540 S.E.2d 713, 721 (internal citations omitted). We hold the trial court relied upon an incorrect standard in ruling on Defendant's motion to dismiss with respect to Defendant's constitutional rights, and did not conduct a full inquiry into all of the *Barker* factors before making its determination.

We therefore vacate the trial court's 9 November 2009 order dismissing this case and remand for action consistent with this opinion.

Vacated and remanded.

Chief Judge MARTIN and Judge ERVIN concur.