INMAN, Judge.
 

 *234
 
 James Gregory Armistead ("Defendant") appeals his conviction following a jury verdict finding him guilty of impaired driving with a finding of one aggravating factor. Defendant argues that he was denied his constitutional right to a speedy trial and that the trial court erred by denying his motion to dismiss pursuant to N.C. Gen. Stat. § 15A-711. After careful review, we hold that Defendant has failed to establish error.
 

 Factual and Procedural History
 

 The evidence at trial tended to show the following:
 

 At around 1:30 a.m. on 3 September 2011, Defendant was arrested and cited for driving while impaired in Pitt County, North Carolina.
 

 *667
 
 At the Pitt County Detention Center, Defendant submitted a breath sample, which reported a blood alcohol concentration of 0.15. Defendant was released on bail at approximately 12:30 p.m. the same day.
 

 On 19 January 2012, Defendant appeared in Pitt County District Court, was appointed counsel, and his case was continued to 22 March 2012. The case was continued again to 3 May 2012 to allow additional time for discovery.
 

 *235
 
 On 1 May 2012, in an unrelated matter in Beaufort County, Defendant was sentenced to an active prison term of 108 to 139 months in the custody of the North Carolina Department of Adult Correction. Defendant began serving that sentence on the same day.
 

 As a result of his incarceration, Defendant did not appear in Pitt County Superior Court on 3 May 2012. Neither Defendant's appointed counsel nor the prosecutor was aware that Defendant was incarcerated. The trial court issued an order for Defendant's arrest.
 

 On or about 26 June 2012, Defendant contacted his prison case manager requesting a list of the case numbers for any pending charges against him as well as addresses for the Pitt County, Washington County, and Lenoir County Clerks of Court. Defendant's case manager responded with the case numbers and the addresses for the clerks of court in all three counties.
 

 On 22 July 2012, Defendant sent letters to the Washington and Lenoir County Clerks of Court requesting resolution of the charges pending against him in those counties. The letter sent to Washington County, which referenced the case numbers of the pending charges, was file stamped with the clerk's office on 26 July 2012. The Lenoir County charges were dismissed on 23 August 2012 and the Washington County charge was dismissed on 1 October 2012.
 

 On 21 September 2012, the prosecutor in Pitt County filed a dismissal of the driving while impaired charge with leave to prosecute the case later, citing Defendant's failure to appear for the 3 May 2012 hearing and the prosecutor's belief that Defendant could not readily be found.
 

 On 15 October 2012 and 14 November 2012, respectively, Defendant sent mail to "CSC Greenville" and "Admin Off Cts," but prison records do not indicate the substance of the correspondence. On 29 November 2012, Defendant drafted, and had notarized, a letter captioned "Motion and Request for Dismissal." The letter, addressed to the presiding or resident judge of the Pitt County Superior Court, stated Defendant's case number as "11 CRS 57539" and requested dismissal of the case pursuant to N.C. Gen. Stat. § 15A-711.
 
 [1]
 
 Prison records indicate that Defendant sent another letter to "Admin Off Cts." on 30 November 2012, but again do not disclose the substance of the correspondence. There is no court
 
 *236
 
 record indicating that the clerk of court or district attorney in Pitt County received any of these letters.
 

 On 13 August 2015, Defendant's prison case manager contacted the Pitt County District Attorney's Office to inquire about the driving while impaired charge and was informed that the charge remained pending and that Defendant would receive notice when the case was next set for a hearing.
 

 On 10 November 2015, Defendant wrote another letter to the Pitt County Clerk of Court indicating that he had yet to receive a response regarding his motion to dismiss the pending charge, which Defendant correctly identified as case number "11CR57539." It was through this letter that Defendant's counsel learned of his incarceration and contacted the District Attorney's Office to re-calendar Defendant's case.
 

 Defendant's case proceeded to trial on 28 January 2016 in Pitt County District Court. Defendant was convicted and sentenced as a Level 3 offender to an active term of six months in prison. Defendant appealed to the Pitt County Superior Court on the same day and was released on $1.00 secured bond.
 

 Defendant moved to dismiss the case pursuant to N.C. Gen. Stat. § 15A-711 on 25 April 2016. A pre-trial hearing was set on 23
 
 *668
 
 May 2016 to address Defendant's motion. The trial court denied Defendant's motion and the case proceeded to trial before a jury.
 

 At trial, the State presented evidence of Defendant's impairment through the testimony of the arresting officer and the results of the Intoxalyzer test administered on the night of his arrest. The jury convicted Defendant on 25 May 2016 for driving while impaired and found one aggravating factor-that Defendant had an alcohol concentration of 0.15 or more at the time of the offense, or within a relevant time after the driving involved in the offense. Defendant gave timely notice of appeal.
 

 Analysis
 

 Defendant argues that the four-year delay between his indictment and trial violated his Sixth Amendment right to a speedy trial and that the trial court erred by denying his motion to dismiss pursuant to N.C. Gen. Stat. § 15A-711. We disagree.
 

 I. Standard of Review
 

 When the facts at issue are undisputed, whether a defendant's right to a speedy trial has been violated is a question of law reviewed
 
 de novo
 
 .
 
 State v. Chaplin
 
 ,
 
 122 N.C. App. 659
 
 , 664,
 
 471 S.E.2d 653
 
 , 656 (1996). The
 
 *237
 
 denial of a defendant's motion and request to dismiss pursuant to N.C. Gen. Stat. § 15A-711 is also reviewed
 
 de novo
 
 .
 
 State v. Williamson
 
 ,
 
 212 N.C. App. 393
 
 , 396,
 
 711 S.E.2d 765
 
 , 768 (2011).
 

 II. Speedy Trial Motion
 

 The right to a speedy trial is guaranteed to every person formally accused of a crime by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 18 of the North Carolina Constitution.
 
 See
 

 State v. Spivey
 
 ,
 
 357 N.C. 114
 
 , 118,
 
 579 S.E.2d 251
 
 , 254 (2003). This right, however,
 

 is different from other constitutional rights in that, among other things, deprivation of a speedy trial does not per se prejudice the ability of the accused to defend himself; it is impossible to determine precisely when the right has been denied; it cannot be said precisely how long a delay is too long; there is no fixed point when the accused is put to a choice of either exercising or waiving his right to a speedy trial; and dismissal of the charges is the only possible remedy for denial of the right to a speedy trial.
 

 State v. McKoy
 
 ,
 
 294 N.C. 134
 
 , 140,
 
 240 S.E.2d 383
 
 , 388 (1978) (citing
 
 Barker v. Wingo
 
 ,
 
 407 U.S. 514
 
 ,
 
 92 S.Ct. 2182
 
 ,
 
 33 L.Ed.2d 101
 
 (1972) ).
 

 In
 
 Barker
 
 , the United States Supreme Court established a balancing test to determine, on a case-by-case basis, whether a defendant's constitutional right to a speedy trial has been violated.
 
 Barker
 
 ,
 
 407 U.S. at 530
 
 ,
 
 92 S.Ct. at 2191-92
 
 ,
 
 33 L.Ed.2d at 116-17
 
 .
 
 Barker
 
 identified the following factors for courts to consider: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant.
 

 Id.
 

 at 530
 
 ,
 
 92 S.Ct. at 2191-92
 
 ,
 
 33 L.Ed.2d at 116-117
 
 .
 

 North Carolina courts, in applying the
 
 Barker
 
 balancing test, have noted that "[n]o single factor is regarded as either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial."
 
 McKoy
 
 ,
 
 294 N.C. at 140
 
 ,
 
 240 S.E.2d at 388
 
 . Rather, these factors "must be considered together with such other circumstances as may be relevant[,]" and courts must "engage in a difficult and sensitive balancing process ... with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution."
 
 Id.
 
 at 140,
 
 240 S.E.2d at 388
 
 (internal quotation marks and citations omitted).
 

 With these principles in mind, we turn our consideration to the circumstances before us in this case.
 

 *238
 

 A. Length of Delay
 

 Our Court has recognized that "some delay is inherent and must be tolerated in any criminal trial[.]"
 
 State v. Pippin
 
 ,
 
 72 N.C. App. 387
 
 , 391-92,
 
 324 S.E.2d 900
 
 , 904 (1985) (citation omitted). However, concurrent with this recognition is the principle that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."
 

 *669
 

 Barker
 
 ,
 
 407 U.S. at 531
 
 ,
 
 92 S.Ct. at 2192
 
 ,
 
 33 L.Ed.2d at 117
 
 .
 

 The United States Supreme Court in
 
 Barker
 
 explained that "[t]he length of the delay is to some extent a triggering mechanism[,]" and that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."
 

 Id.
 

 at 530
 
 ,
 
 92 S.Ct. at 2192
 
 ,
 
 33 L.Ed.2d at 116-17
 
 . The United States Supreme Court and our Courts have yet to define a period of time for which a delay will be deemed presumptively prejudicial, but
 

 [d]epending on the nature of the charges, the lower courts have generally found postaccusation delay "presumptively prejudicial" at least as it approaches one year. We note that, as the term is used in this threshold context, "presumptive prejudice" does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the
 
 Barker
 
 enquiry.
 

 Doggett v. United States
 
 ,
 
 505 U.S. 647
 
 , 652 n. 1,
 
 112 S.Ct. 2686
 
 , 2692 n.1,
 
 120 L.Ed.2d 520
 
 , 528 n. 1 (1992) (internal citations omitted);
 
 see also
 

 State v. Hammonds
 
 ,
 
 141 N.C. App. 152
 
 , 159,
 
 541 S.E.2d 166
 
 , 173 (2000).
 

 Here, Defendant was arrested and cited for driving while impaired on 3 September 2011; his trial did not commence until 1608 days-over four years-later. While this delay does not constitute a
 
 per se
 
 violation of Defendant's right to a speedy trial, it is sufficiently unreasonable to trigger a
 
 Barker
 
 inquiry. We therefore consider the remaining factors.
 

 B. Reason for Delay
 

 Under this second factor, a "defendant has the burden of showing that the delay was caused by the
 
 neglect
 
 or
 
 willfulness
 
 of the prosecution."
 
 Spivey
 
 ,
 
 357 N.C. at 119
 
 ,
 
 579 S.E.2d at 255
 
 (emphasis in original) (citation omitted). Only once a defendant has met his burden by making a
 
 prima facie
 
 showing that the delay was caused by negligence or willfulness "must the State offer evidence fully explaining the reasons for the delay and sufficient to rebut the
 
 prima facie
 
 evidence."
 
 Id.
 
 at 119,
 
 579 S.E.2d at 255
 
 (citation omitted). The North Carolina Supreme Court has explained:
 

 *239
 
 [t]he constitutional guarantee does not outlaw good-faith delays which are reasonably necessary for the State to prepare and present its case.... Neither a defendant nor the State can be protected from prejudice which is an incident of ordinary or reasonably necessary delay.
 
 The proscription is against purposeful or oppressive delays and those which the prosecution could have avoided by reasonable effort
 
 .
 

 State v. Johnson
 
 ,
 
 275 N.C. 264
 
 , 273,
 
 167 S.E.2d 274
 
 , 280 (1969) (emphasis added) (internal citations omitted);
 
 see also
 

 Spivey
 
 ,
 
 357 N.C. at 119
 
 ,
 
 579 S.E.2d at 255
 
 .
 

 The delay in bringing Defendant to trial in this case could have been avoided by reasonable effort. It is undisputed that on the date Defendant failed to appear in court and on the date four months later when the prosecutor removed the case from the docket, Defendant's location was readily ascertainable through a search of the Department of Public Safety's Offender Public Information website and through other online databases routinely used by prosecutors. We are persuaded that the State's failure to discover Defendant's whereabouts-in the State's own custody-resulted from the prosecutor's negligence by not checking readily available information. We therefore weigh the second
 
 Barker
 
 factor in favor of Defendant.
 

 C. Assertion of Right
 

 A defendant's assertion of his speedy trial right "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right[,]" and "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."
 
 Barker
 
 ,
 
 407 U.S. at 531-32
 
 ,
 
 92 S.Ct. at 2193
 
 ,
 
 33 L.Ed.2d at 117
 
 . This Court has given weight to both formal and informal assertions of a defendant's right to a speedy trial.
 
 See, e.g.,
 

 Washington
 
 ,
 
 192 N.C. App. 277
 
 , 291,
 
 665 S.E.2d 799
 
 , 808 (2008) ("[W]hile [the] defendant's formal assertion of his right was not immediate, he did assert this right almost two years prior to
 
 *670
 
 the start of his trial. Further, [the] defendant began informally asserting his right" even earlier, and, "when considered together, these actions weigh in favor of [the] defendant."). However, an "assertion of the right, by itself, d[oes] not entitle [a defendant] to relief."
 
 Spivey
 
 ,
 
 357 N.C. at 121
 
 ,
 
 579 S.E.2d at
 
 256 (citing
 
 Barker
 
 ,
 
 407 U.S. at 533
 
 ,
 
 92 S.Ct. at 2194
 
 ,
 
 33 L.Ed.2d at
 
 118 ).
 

 An affidavit filed by Defendant's trial counsel acknowledges that there was no record of receipt by the clerk's office of any communication from Defendant prior to 10 November 2015, more than three years after Defendant's case was removed from the court docket.
 

 *240
 
 Defendant argues, however, that he asserted his right to a speedy trial four times, beginning with a letter he wrote to the Pitt County Clerk of Court on 11 June 2012, even before the State removed his case from the docket. Although Defendant testified about the letter in a hearing before the trial court, he was unable to produce a copy of this letter, and no such letter was found in the Clerk's file.
 

 Defendant contends that he next asserted his speedy trial right on 29 November 2012 in a notarized letter, including a certificate of service, indicating that a copy of the letter was mailed to the District Attorney's Office in Pitt County. Although Defendant introduced a copy of the letter in evidence before the trial court, the document is not file stamped, contains no notary stamp, and no letter was found in the Clerk's file or in the District Attorney's Office. The letter was addressed to the presiding or resident superior court judge in Pitt County, was labeled as a "Motion and Request for Dismissal," and misidentifies Defendant's case number as "11-CRS-57539." On the date stated on the letter, Defendant's case was pending in district court and was numbered as "11-CR-57539." Defendant's addressing the letter to the superior court rather than the district court and identifying his case as CRS rather than CR could have contributed to the letter not reaching the court file.
 

 Defendant's third contended assertion of his speedy trial right occurred when Defendant contacted his prison case manager on 13 August 2015, and as a result, the State received notice that Defendant was incarcerated. The State, however, argues that Defendant's inquiry to his case manager should not be considered as a prior assertion of his speedy trial right.
 

 Defendant's final assertion-which the State argues was his only meaningful assertion-was a letter Defendant sent to the Pitt County Clerk of Court on 10 November 2015. This letter properly identified the case as 11-CR-57539 and requested an update regarding Defendant's previously mailed motion to dismiss. The State argues that even if this letter was an assertion, it was an improper
 
 pro se
 
 motion because Defendant was represented by counsel at the time and it should not be given the weight of a formal assertion of Defendant's right.
 

 We conclude that Defendant's attempts to assert his speedy trial right through informal methods-absent any evidence that his assertions reached the proper court officials or the prosecutor until three years after Defendant first failed to appear in court-are neutral to our determination.
 

 *241
 

 D. Prejudice to Defendant
 

 In considering whether a defendant has been prejudiced by a delay, the United States Supreme Court has explained that "we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify[,]" and that "[w]hile such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other
 
 Barker
 
 criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay."
 
 Doggett
 
 ,
 
 505 U.S. at 655-56
 
 ,
 
 112 S.Ct. at 2693
 
 ,
 
 120 L.Ed.2d at 250
 
 (internal citations omitted).
 

 The North Carolina Supreme Court, following
 
 Doggett
 
 , adopted the reasoning in
 
 Barker
 
 that
 

 [t]he right to a speedy trial is designated: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility
 
 *671
 
 that the defense will be impaired.
 
 Of these, the most serious is the last,
 
 because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."
 

 State v. Webster
 
 ,
 
 337 N.C. 674
 
 , 680-81,
 
 447 S.E.2d 349
 
 , 352 (1994) (emphasis in original) (quoting
 
 Barker
 
 ,
 
 407 U.S. at 532
 
 ,
 
 92 S.Ct. at 2193
 
 ,
 
 33 L.Ed.2d at
 
 118 ). The North Carolina Supreme Court has held further that, when weighed against a legitimate reason for the State's delayed prosecution, a defendant must show "actual or substantial prejudice resulting from the delay" to establish a violation of his constitutional right to a speedy trial.
 
 State v. Goldman
 
 ,
 
 311 N.C. 338
 
 , 345,
 
 317 S.E.2d 361
 
 , 365 (1984) ;
 
 see also
 

 Spivey
 
 ,
 
 357 N.C. at 122
 
 ,
 
 579 S.E.2d at 257
 
 ("A defendant must show actual, substantial prejudice.") (citation omitted). General allegations of faded memory are insufficient to carry a defendant's burden of showing prejudice; rather, "[t]he defendant must show that the resulting lost evidence or testimony was significant and would have been beneficial to his defense."
 
 State v. Marlow
 
 ,
 
 310 N.C. 507
 
 , 521-22,
 
 313 S.E.2d 532
 
 , 541 (1984).
 

 Defendant argues that the pending charges prevented him from advancing in custody classification in prison, and as a result limited his accumulation of good time or gained time and access to prison programing options. The record, however, reveals that Defendant was released on bond on the same day he was charged with this impaired driving violation. Defendant was subsequently arrested and convicted for charges unrelated to the case at hand. The record indicates that during the time in which this case was pending and while he was serving time
 
 *242
 
 for the unrelated convictions, Defendant received several infractions which could have similarly hindered his participation in certain prison programs. Defendant has presented no other evidence of unlawful or excessive pretrial incarceration related to this charge. While we take into consideration the pending charge's effect on Defendant's inability to advance in classification and the resulting limitations to activities during incarceration for a separate conviction, such an assertion without evidence of precisely how the pending charges affected Defendant's classification is insufficient alone to show actual, substantial prejudice.
 

 Defendant also argues that his brother could have been an exculpatory witness had the case been tried earlier, but that the delay resulted in his brother's inability to remember the specific events of 3 September 2011. As discussed above, a mere faded memory-without more-is insufficient to establish a showing of prejudice. Here, Defendant has not presented any evidence or argument as to how the resulting lost testimony was significant to his defense. At trial, the State's evidence was in the form of testimony by the arresting officer and the results of the Intoxalyzer test. Defendant has not shown, nor can we imagine, how the faded memory of Defendant's brother deprived him of an available defense. Accordingly, we weigh this factor in favor of the State.
 

 After balancing the four factors set forth above, we hold that Defendant's constitutional right to a speedy trial has not been violated. While the length of delay was unreasonable and the State acted negligently in its prosecution of Defendant, Defendant has failed to adequately demonstrate a clear assertion of his right and has not presented evidence establishing actual, substantial prejudice. Accordingly, we overrule Defendant's argument.
 

 III. Motion to Dismiss
 

 N.C. Gen. Stat. § 15A-711 "has sometimes been characterized as a 'speedy trial' statute."
 
 State v. Doisey
 
 ,
 
 162 N.C. App. 447
 
 , 450,
 
 590 S.E.2d 886
 
 , 889 (2004). However, such a categorization misconstrues the statute's intended purpose, which is not to guarantee that an incarcerated defendant receive a trial within a specific time frame, but rather to require a prosecutor to make a written request for the "temporary release of the defendant to the custody of an appropriate law-enforcement officer who must produce him at the trial" within six months of the defendant's written request. N.C. Gen. Stat. § 15A-711 (2015). N.C. Gen. Stat. § 15A-711 provides in pertinent part:
 

 (a) When a criminal defendant is confined in a penal or other institution under the
 
 *672
 
 control of the State ... and his
 
 *243
 
 presence is required for trial, the prosecutor may make written request to the custodian of the institution for temporary release of the defendant to the custody of an appropriate law-enforcement officer who must produce him at the trial. The period of the temporary release may not exceed 60 days. The request of the prosecutor is sufficient authorization for the release, and must be honored, except as otherwise provided in this section.
 

 ...
 

 (c) A defendant who is confined in an institution in this State pursuant to a criminal proceeding and who has other criminal charges pending against him may,
 
 by written request filed with the clerk of the court where the other charges are pending
 
 , require the prosecutor prosecuting such charges to proceed pursuant to this section. A copy of the request must be served upon the prosecutor in the manner provided by the Rules of Civil Procedure, G.S. 1A-1, Rule 5(b). If the prosecutor does not proceed pursuant to subsection (a) within six months from the date the request is filed with the clerk, the charges must be dismissed.
 

 (emphasis added). The North Carolina Supreme Court has held that "failure to serve a section 15A-711(c) motion on the prosecutor as required by the statute bars relief for a defendant."
 
 State v. Pickens
 
 ,
 
 346 N.C. 628
 
 , 648,
 
 488 S.E.2d 162
 
 , 173 (1997) (citation omitted).
 

 Defendant argues that his letters sent on 11 June 2012 and 29 November 2012 were properly filed written requests sufficient to satisfy the requirements under N.C. Gen. Stat. § 15A-711(c). In criminal cases a defendant may present evidence other than a file stamp to establish if a motion has been properly filed.
 
 See
 
 N.C. Gen. Stat. § 15A-101.1(7)(a) (2015) ("Filing is complete when the original document is received in the office where the document is to be filed");
 
 see also
 

 State v. Moore
 
 ,
 
 148 N.C. App. 568
 
 , 570,
 
 559 S.E.2d 565
 
 , 566 (2002) ("In the absence of a file stamped motion
 
 or any other evidence of the motion's timely filing
 
 ....") (emphasis added) (citation omitted).
 

 Here, Defendant presented no evidence of a properly filed motion. The Pitt County Clerk's file for Defendant's DWI charge does not contain any file stamped motion or letters from Defendant. A review of the 29 November 2012 letter reveals that the letter was addressed to the superior court judges and that Defendant placed the incorrect file
 
 *244
 
 number on the motion-Defendant placed a superior court file number when, at the time, the charge was pending before the district court. Apart from Defendant's own testimony, there is no other evidence in the record supporting the conclusion that Defendant properly filed a written request with the Pitt County Clerk of Court. The record reveals that if Defendant filed anything, he did so with the wrong court. We are bound by precedent and must affirm the trial court's denial of Defendant's motion.
 

 Conclusion
 

 For the foregoing reasons, we hold that Defendant's right to a speedy trial was not violated despite the lengthy delay, and that the trial court did not err in denying his motion to dismiss pursuant to N.C. Gen. Stat. § 15A-711.
 

 AFFIRMED.
 

 Judges BRYANT and DAVIS concur.
 

 [1]
 

 Defendant has included a copy of the letter in the record on appeal. The letter "S" in the case number inaccurately designated a charge pending in Superior Court; however, on the date of the letter, Defendant's charge was pending in Pitt County District Court.