IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-794

No. COA21-566

Filed 6 December 2022

Brunswick County, No. 18 CRS 680

STATE OF NORTH CAROLINA

v.

ROBIN LYNN NOFFSINGER, Defendant.

Appeal by Defendant from order entered 28 June 2021 by Judge Jason C. Disbrow in Brunswick County Superior Court. Heard in the Court of Appeals 7 September 2022.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Sherri Horner Lawrence, for the State.*

*Marilyn G. Ozer for Defendant.*

GRIFFIN, Judge.

¶ 1 This is a case that raises the issues of double jeopardy and due process from incidents of child abuse occurring in April 1997 that led to separate charges being brought against Defendant Robyn Lynn Noffsinger. These charges were brought by indictments issued twenty-one years apart. Defendant was found guilty of felony child abuse in 1997 and was given an active sentence. That prison sentence was completed. Defendant has now been indicted for first-degree murder from the same

actions that formed the basis of the charges for the felony child abuse offense. Defendant argues the trial court erred in denying her motion to dismiss because prosecuting Defendant for first-degree murder would violate her constitutional rights (1) to not be twice put in jeopardy for the same offense; and (2) to due process of the law. We disagree and affirm the trial court's order.

## I. Factual and Procedural Background

¶ 2      On 12 April 1997, Defendant's fifteen-month-old son, David Cody Rhinehart, was brought by an ambulance to the Columbia Brunswick Hospital. *State v. Noffsinger*, 137 N.C. App. 418, 419, 528 S.E.2d 605, 607 (2000). The emergency room doctor "observed that the child was not breathing, that he had a head fracture, abnormal pupil response, facial bruising, deformity on an arm and a leg, and a burned area in the diaper region, and that the child was having seizures." *Id.* at 420, 528 S.E.2d at 607. A pediatrician who treated the child's injuries testified that Defendant's son suffered from Battered Child Syndrome based on her "physical findings . . . and not finding a sufficient explanation for really any of the injuries as had been described." The pediatrician also testified that Defendant's son would "never" be able to function on his own and that "the entire part of his brain that involves learning, thinking, maturing, [and] developing normally ha[d] been destroyed." On 2 June 1997, Defendant was indicted for three counts of felony child abuse.

¶ 3      A jury found Defendant guilty of all three counts of felony child abuse.  The Defendant was given three consecutive sentences of 31 to 47 months in prison. Defendant appealed, and this Court found no error in her trial.  *Noffsinger*, 137 N.C. App. at 429, 528 S.E.2d at 613.  Defendant's boyfriend at the time of the abuse, David Raeford Tripp, Jr., pled guilty to four counts of felony child abuse and was sentenced to 84 to 129 months in prison.  Defendant and Tripp have served their respective sentences for felony child abuse.

¶ 4      On 6 March 2018, Defendant's son, who had been adopted and renamed David Elei Stuart, died from "complications of remote trauma, including blunt force and thermal injuries stemming from child abuse which occurred in April of 1997" according to the medical examiner.  Defendant and Tripp were each indicted on one count of first-degree murder of Defendant's child on 21 May 2018.  Defendant moved to dismiss the indictment for first-degree murder "on the grounds that the prosecution . . . violates her protection against double jeopardy and due process." After a hearing, the Brunswick County Superior Court entered an order denying Defendant's Motion to Dismiss.  We granted Defendant's petition for writ of certiorari for the limited purpose of reviewing the order denying Defendant's Motion to Dismiss.

## II.    Analysis

¶ 5      Defendant brings two arguments on appeal.  Defendant argues that the trial court should have granted her Motion to Dismiss because a first-degree murder

prosecution would violate (1) her "constitutional right to be protected against double jeopardy" and (2) her "constitutional right to due process." This Court "reviews conclusions of law pertaining to a constitutional matter de novo." *State v. Bowditch*, 364 N.C. 335, 340, 700 S.E.2d 1, 5 (2010) (citation omitted).

## A. Right Against Double Jeopardy

¶ 6 Defendant asserts prosecuting her for first-degree murder violates her constitutional right to be protected against double jeopardy. It is undisputed that Defendant's prior felony child abuse conviction and first-degree murder indictment arose out of the same incident occurring in 1997. Thus, Defendant argues her former conviction for felony child abuse bars the State from initiating a subsequent first-degree murder prosecution.

¶ 7 The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause applies to states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794 (1969). North Carolina's Constitution does not expressly prohibit double jeopardy, but this principle "has been regarded as an integral part" of the Law of the Land Clause of Article I, Section 19. *State v. Ballard*, 280 N.C. 479, 482, 186 S.E.2d 372, 373 (1972) (citations omitted). Under our state and federal constitutions, "if what purports to be two offenses actually is one . . . , double jeopardy prohibits successive prosecutions." *State*

*v. Gardner*, 315 N.C. 444, 454, 340 S.E.2d 701, 709 (1986) (citing *Brown v. Ohio*, 432 U.S. 161, 166 (1977)).

¶ 8 In *Blockburger v. United States*, the United States Supreme Court declared that "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932). If one offense is a lesser included offense of the other, successive prosecution is prohibited under the *Blockburger* test because the lesser offense does not require any proof of fact beyond that of the greater offense. *Brown*, 432 U.S. at 168. "It is not enough to show that one crime requires proof of a fact that the other does not. Each offense must include an element not common to the other." *State v. Strohauer*, 84 N.C. App. 68, 73, 351 S.E.2d 823, 827 (1987) (citations omitted).

¶ 9 The *Blockburger* test is not violated if the same conduct underlies two offenses, each of which requires proof of a fact of the crime that the other does not. *United States v. Dixon*, 509 U.S. 688, 689 (1993) (overruling *Grady v. Corbin*, 495 U.S. 508, 526 (1990), which had allowed the same conduct to bar prosecution because *Grady* was "wholly inconsistent with [the Supreme Court's] precedents and with the clear common-law understanding of double jeopardy"). The North Carolina Supreme Court has also concluded that if the same conduct underlies two offenses, that, by itself, does not violate the constitutional prohibition against double jeopardy. *State v. Gay*, 334 N.C. 467, 490, 434 S.E.2d 840, 853 (1993).

¶ 10 The *Blockburger* test is not the only standard for determining whether successive prosecutions are prohibited by double jeopardy protections. In *Diaz v. United States*, the United States Supreme Court recognized an exception in allowing successive prosecutions for two offenses requiring proof of the same facts. 223 U.S. 442, 448–49 (1912). The *Diaz* exception exists "where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred[.]" *Brown*, 432 U.S. at 169 n.7.

¶ 11 The United States Supreme Court applied the *Diaz* exception in *Garrett v. United States*, allowing prosecution of a defendant for a continuing criminal enterprise, despite his prior conviction for a predicate offense of that crime, marijuana importation. 471 U.S. 773, 775, 792–93 (1985). The Court explained that the defendant's continuing criminal enterprise activities had not been completed at the time he was indicted for marijuana importation, such that these were considered different offenses under *Diaz*. *Id.* at 791–92. The North Carolina Supreme Court has also referenced the *Diaz* exception. In *State v. Meadows*, a defendant was charged with second-degree murder several months after he pleaded guilty to felonious assault with a deadly weapon, when the victim later died of the gunshot wounds he sustained from the assault. 272 N.C. 327, 329–30, 158 S.E.2d 638, 639–40 (1968). The Court found *Diaz* "apposite" in holding that second-degree murder was a distinct offense from the assault and, thus, the State's prosecution was not barred by double

jeopardy. *Id.* at 331, 158 S.E.2d at 640–41. While the *Diaz* exception has never been applied by this Court, both federal and state precedent support its application in this case.

¶ 12 Here, Defendant argues that double jeopardy protections bar the State from prosecuting her for first-degree murder due to her prior conviction for felony child abuse, which occurred before the victim had died. North Carolina defines first-degree murder as:

> A murder which shall be perpetrated by means of . . . poison, lying in wait, imprisonment, starving, torture, or by any other kind of willful, deliberate, and premeditated killing, or which shall be committed in the perpetration or attempted perpetration of any arson, rape or a sex offense, robbery, kidnapping, burglary, or other felony committed or attempted with the use of a deadly weapon. . . .

N.C. Gen. Stat. § 14-17(a) (2021).

¶ 13 N.C. Gen. Stat. § 14-17(a) describes three categories of criminal behavior that qualify as first-degree murder: "(1) willful, deliberate, and premeditated killings (category 1); (2) killings resulting from poison, imprisonment, starvation, torture or lying in wait (category 2); and (3) killings that occur during specifically enumerated felonies or during a 'felony committed or attempted with the use of a deadly weapon' (category 3)." *State v. Jones*, 353 N.C. 159, 166, 538 S.E.2d 917, 923 (2000) (citation omitted). The third category of first-degree murder is commonly known as felony murder. *Id.* at 164, 538 S.E.2d at 922. The State may proceed against a defendant

on any theory and "it is proper for the trial court to submit the issue of the defendant's guilt of that charge to the jury on each of the theories of first degree murder supported by substantial evidence at trial." *State v. Clark*, 325 N.C. 677, 684, 386 S.E.2d 191, 195 (1989).

¶ 14        We apply the *Blockburger* test and *Diaz* exception to determine whether double jeopardy principles bar prosecution of Defendant for first-degree murder.

### 1. *Felony Murder Theory*

¶ 15        The felony murder theory allows the State to prosecute a defendant for first-degree murder if the victim's death occurred in the commission of certain enumerated felonies or of felonies committed or attempted with the use of a deadly weapon. *Jones*, 353 N.C. at 164, 538 S.E.2d at 922. The underlying felony becomes an element of the offense of first-degree murder and "may not thereafter be the basis for additional prosecution or sentence." *State v. Cherry*, 298 N.C. 86, 113, 257 S.E.2d 551, 567 (1979). Under *Blockburger*, each offense requires proof of the same facts, so "a defendant may not be punished for felony murder and for the underlying, 'predicate' felony." *See Gardner*, 315 N.C. at 454, 460, 340 S.E.2d at 709, 712.

¶ 16        In this case, Defendant was previously convicted and served a sentence for felony child abuse, which can be a predicate offense of felony murder. *State v. Pierce*, 346 N.C. 471, 493, 488 S.E.2d 576, 589 (1997). Prosecuting Defendant for felony murder would require proof of the same facts as her felony child abuse conviction, so

it fails the *Blockburger* test.

¶ 17         However, the *Diaz* exception to *Blockburger* allows Defendant to be prosecuted for felony murder. *Diaz* is applicable to Defendant's case because Defendant's son allegedly died of complications of that abuse twenty-one years after it occurred in 1997. While the State was able to prosecute Defendant for felony child abuse in 1997, it was precluded from prosecuting her for felony murder until her son's death. Applying the *Diaz* exception to these circumstances, the additional fact of his 2018 death renders felony murder a separate offense from felony child abuse. Defendant's prosecution for first-degree murder under the felony murder theory does not violate federal or state double jeopardy protections.

### 2. *Other First-degree Murder Theories*

¶ 18         In addition to felony murder, NC. Gen. Statute § 14-17(a) permits first-degree murder prosecution under theories of premeditation and deliberation or torture, among others. Different theories of first-degree murder under NC. Gen. Stat. § 14-17(a) require proof beyond a reasonable doubt of distinct criminal elements. For example, our Supreme Court has held that "premeditation and deliberation are not elements of the crime of felony-murder" but that the underlying felony is an element of felony murder. *State v. Swift*, 290 N.C. 383, 407, 226 S.E.2d 652, 669 (1976). Additionally, prosecution under the first-degree murder theory of premeditation and deliberation includes the element of a specific intent to kill, while prosecution under

a theory of torture or felony murder does not. *State v. Evangelista*, 319 N.C. 152, 158, 353 S.E.2d 375, 380 (1987).

¶ 19 The *Blockburger* test is satisfied if a defendant is convicted of an underlying felony and first-degree murder, based on a theory different from felony murder, because each offense requires proof of fact that the other does not. In *State v. Burgess*, a defendant was convicted for first-degree murder by premeditation and deliberation, felony murder with arson as the underlying felony, and arson. *State v. Burgess*, 345 N.C. 372, 381–82, 480 S.E.2d 638, 643 (1997). The North Carolina Supreme Court held the defendant could be sentenced separately for both arson and first-degree murder, based on the theory of premeditation and deliberation. *Id.* at 382, 480 S.E.2d at 643.

¶ 20 Here, felony child abuse is an offense distinct from murder by premeditation and deliberation or by torture because each offense requires proof of different criminal elements. Defendant's prosecution for first-degree murder theories such as premeditation and deliberation or torture satisfies the *Blockburger* test and does not violate Defendant's constitutional right to be protected against double jeopardy. The Double Jeopardy Clause does not constrain the State's prosecution of Defendant under any first-degree murder theory.

**B. Right to Due Process**

¶ 21 Defendant next asserts a first-degree murder prosecution would violate her

constitutional right to due process because she was found guilty of felony child abuse arising out of the same incident in 1997, twenty-five years ago, and has fully served the sentence imposed on her for that offense. Defendant argues that her Motion to Dismiss should have been granted because fundamental fairness "dictates that she should not again be forced to defend herself at trial" against criminal charges arising out of the same 1997 incident.

¶ 22    The Fourteenth Amendment of the United States Constitution provides that "[n]o State . . . shall deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. Similarly, "[t]he Law of the Land Clause" in Article I, Section 19 of the North Carolina Constitution "has been held to be the equivalent of the Fourteenth Amendment's Due Process Clause in the Constitution of the United States." *Singleton v. N.C. Dep't of Health and Hum. Servs.*, _ N.C. _, 2022-NCCOA-412, ¶ 28 (citation omitted).

¶ 23    North Carolina does not have a statute of limitations for felony prosecutions. *State v. Johnson*, 275 N.C. 264, 271, 167 S.E.2d 274, 279 (1969). In 1991, North Carolina also abolished the ancient common law rule which prohibited prosecution of a defendant for murder if the victim died at least "a year and a day" beyond when the original injury was sustained. *State v. Vance*, 328 N.C. 613, 618, 403 S.E.2d 495, 499 (1991). Because the State is not subject to any time restrictions on charging or prosecuting for murder, Defendant argues that "the [D]ue [P]rocess [C]lause must

bear the burden of providing some protection to a defendant who has already been punished for his or her conduct."

¶ 24        The United States Supreme Court has held "that the Due Process Clause has a limited role to play in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S. 783, 789 (1977). A "due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." *Id.* at 790. The North Carolina Supreme Court applied this balancing test in *State v. Goldman* where a defendant was indicted for murder and armed robbery six years after the crime occurred. 311 N.C. 338, 340, 317 S.E.2d 361, 362–63 (1984). Balancing the "State's legitimate decision to defer prosecution during an ongoing investigation of the case" against the defendant's general allegations of prejudice from "faded memory and evidentiary difficulties[,]" the Court held that the defendant's constitutional due process rights were not violated. *Id.* at 345, 317 S.E.2d at 365.

¶ 25        In the present case, Defendant was indicted for first-degree murder twenty-one years after the incident occurred. A delay of twenty-one years is longer than the six-year delay at issue *Goldman*, but "it cannot be said precisely how long a delay is too long[,]" and "the courts must engage in a balancing test." *Id.* at 346, 317 S.E.2d at 366 (quoting *State v. McKoy*, 294 N.C. 134, 140, 240 S.E.2d 383, 388 (1978)). The State's reason for deferring Defendant's indictment is legitimate, as the State was precluded from prosecuting Defendant for murder until 2018, when Defendant's son

died. Defendant alleges that the twenty-one-year delay in initiating prosecution for first-degree murder caused actual prejudice to her defense because the "two other adults who were in the household in which the baby was abused have since passed away." Even assuming that this allegation is true, the State's inability to prosecute Defendant for first-degree murder until the victim's death, along with its significant interest in prosecuting individuals who may be guilty of first-degree murder, outweighs any prejudice to Defendant. The prosecutor is elected to decide whether sufficient evidence exists to charge her case and the burden to prove it beyond a reasonable doubt.

¶ 26          Under these circumstances, the Due Process Clause does not prohibit the State's prosecution of Defendant.

## III.   Conclusion

¶ 27          The trial court did not err in denying Defendant's Motion to Dismiss her indictment for first-degree murder. Defendant's prosecution for first-degree murder does not violate her constitutional rights to be protected against double jeopardy or to due process.

AFFIRMED.

Judges HAMPSON and WOOD concur.